BENARD v. GRAND LODGE OF THE ANCIENT ORDER OF UNIT-
ED WORKMEN OF THE DAKOTAS *et al.*

1. Where insured, shortly before his death, surrendered a life certificate, payable to his wife, and received one payable to his sister in exchange, in an action by the wife to recover the amount of the insurance, the liability of the association being admitted, and the controversy being between the wife and sister of the insured, the constitution and by-laws of the association, providing that there should be no vested right in the sum provided in the policy, and that the policy could be assigned, does not affect the rights of the claimants.

2. Where a husband had obtained a life certificate payable to his wife, under an agreement with her that she should help pay therefor, which she did, and shortly before his death he surrendered such certificate, and received another, payable to his sister, who was a mere voluntary beneficiary, the wife has an equitable interest in the proceeds of such insurance superior to the right of the sister.

(Opinion filed April 3, 1900.)

Appeal from circuit court, Minnehaha county.   Hon. Jos-
EPH W. JONES, Judge.

Action by Annie Benard against the Grand Lodge of the Ancient Order of United Workmen of the Dakotas and Emma Roberts to recover on a life insurance certificate.   From a judgment in favor of defendant Emma Roberts, plaintiff appeals.   Reversed.

*Wilkes & Wilkes* (*Aikens & Judge* of counsel), for appellant.

The agreement between appellant and the assured was of such a nature, and appellant had such an interest in the benefit certificate as to estop the assured from in any manner changing the beneficiary. Jory v Supreme Council, 105 Cal. 20; Adams v. Grand Lodge, 105 Cal. 321; Smith v. National Benefit Soc., 123 N. Y. 85; Maynard v. Vander Worker, 24 N. Y. S. 932; Nix v. Donovan, 18 N, Y. S. 435.

The change of beneficiary relied upon by respondents was never consummated. Knights of Honor v. Nairn, 26 N. W. 829; Supreme Conclave v. Cappella, 41 Fed; 1; Hotel Men's Mutual Ben. Assn. v. Brown, 33 Fed. 11; McLaughlin v. McLaughlin, 104 Cal. 171; Rollins v. McHatton, 16 Colo. 203; Grand Lodge v. Child, 38 N. W. 1.

*Keith & Warren*, for respondents.

Cited *Contra*: Titsworth v. Titsworth, 20 Pac. 213; Brown v. Grand Lodge, 45 N. W. 884; Byron v. Casey, 8 S. W. 38; Fish v. Union, 11 Atl. 84; Mas. Ben. Ass'n v. Bunch, 19 S. W. 25; Lukes v. Supreme Lodge, 7 N. Y. S. 487; Kelsey v. Urstim, 2 N. Y. 501; Sabin v. Phinney, 31 N. E. 1087; Bowman v. Moon, 25 Cal. 409; Simcoke v. Grand Lodge, 15 L. R. A. 114; Manning v. A. O. U. W. 5 S. W. 385.

CORSON, J.    This is an action by the plaintiff, widow of one Albert Benard, who was a member of a subordinate lodge connected with the defendant order, to recover upon a benefit certificate issued to him during his lifetime by the said order. Findings and judgment were in favor of the defendant, and the plaintiff appeals.

Albert Benard died on March 16, 1899, while a member of said lodge in good standing. He became a member in 1894, at

which time he received a benefit certificate for the sum of $2,-000, payable to the plaintiff, Annie Benard, as beneficiary. On November 28, 1898, about four months prior to his death, the said benefit certificate was surrendered and a new one issued, in which his sister, Emma Roberts, was made the beneficiary. The lodge has appeared and answered, and set up in its answer that it holds the sum of $2,000 due upon said Benard's benefit certificate for such person as the court may adjudge to be entitled to receive the same. It also set up facts showing that the first benefit certificate had been surrendered and canceled, and that a new one had been issued, in which said Emma Roberts was made the beneficiary instead of the plaintiff. In its sixth finding of fact the court found as follows: "That, at or about the time that Albert Benard became a member of said Jasper Lodge, No. 21, it was agreed between him and the plaintiff that he would take out the said benefit certificate, and have it made payable to the plaintiff as beneficiary, and that she would help him pay the assessments, if he should be unable to pay them himself; that said Albert Benard paid almost all the said assessments, but that the plaintiff paid a very small part thereof, the amount of which is not shown by the evidence." Notwithstanding this finding, the court concludes as matter of law that the appellant never acquired any vested right in the said benefit certificate issued to said Benard, and is not entitled to the money thereon, nor any part thereof, but that said Emma Roberts is entitled to receive the same. The appellant relies upon two propositions: (1) That, by virtue of the agreement between herself and her husband, she had such an interest in said benefit certificate as to estop the assured from in any manner changing the beneficiary; and (2) that the change of

beneficiary relied upon by respondents was never consummated.

The respondents insist that the appellant had no vested interest in said certificate, and that, under the constitution and by-laws of the order, the assured had the right to surrender the original, and receive in its place a new one, in which the name of the beneficiary should be changed. In Article 8 of the general laws of the supreme lodge of the order it is provided: The beneficiary designated in the benefit certificate has no vested right in the sum specified in such certificate until the death of the member gives such right, and the designation may be changed by the member in the method prescribed by the laws of the order at any time before his death. It is further provided by the said general laws that any member desiring to change his beneficiary may do so by filling out the blank form on the back of the certificate authorizing the change, signing it, and having his signature attested by the recorder of the lodge and the seal of the lodge affixed thereto. This certificate, together with the fee of 50 cents, is forwarded to the grand recorder, who issues a new certificate in lieu thereof, payable as directed on the back of the surrendered certificate.

This case, while appearing upon the face of the record as one by the plaintiff against the lodge, is, in effect, a controversy between the plaintiff and Emma Roberts, as to their relative rights to receive the amount of the benefit certificate, and in determining those rights this court is to be governed by equitable principles. The defendant cannot, by any rule or by-law, change the law applicable to such a controversy, as between the parties who claim the fund. In this case, if Benard, in making the original certificate payable to his wife, did so under an agreement with her, by which she undertook, in case of his

inability to meet the assessments becoming due thereon, to pay the same, and she did pay some of the said assessments, she acquired an equitable interest in the benefit certificate, of which she could not be deprived except by a party showing a better equity in the new certificate. So far as the record discloses in this case, Emma Roberts is a mere volunteer beneficiary. It is not shown that she has any equitable right to such certificate, and her merely legal right must yield to the superior equitable right of the plaintiff. The equitable claim of the plaintiff is very much stronger by reason of her relationship to Benard. In providing means for the support of his widow and children after his death, Benard was performing a duty that he owed to her and them, and adding to this the agreement entered into between him and the plaintiff, we are of the opinion that she clearly acquired such an equitable interest in the benefit certificate originally issued to Benard as entitles her to recover in this action as against the claims of the volunteer beneficiary named in the new certificate. That the equities between the beneficiaries may be considered by a court of equity is held in the case of Adams v. Grand Lodge, 105 Cal. 321, 38 Pac. 914. In that case the supreme court of California said: ''We then have a certain fund of money to which the plaintiff and the intervener both claim title, and their respective claims of ownership are to be litigated in the same way, and finally adjudicated and determined upon the same principles, as though the common source of title to this money came through a bequest or gift, rather than from a mutual benefit association.'' And they proceded to determine the rights of the claimants upon equitable principles, although presumably that grand lodge had the same bylaws or rules as the defendant in this action. In May-

nard v. Vanderwerker (Sup.) 24 N. Y. Supp. 932, the supreme court of the state of New York, at special term, held: "Where a person became a member of a mutual benefit association under an agreement with the person designated in the certificate as beneficiary, that the benificiary should pay all the assessments, and they were so paid, the beneficiary acquired a vested interest in the certificate, and the member could not afterwards make another designation." Smith v. Society, 123 N. Y. 85, 25 N. E. 197.

It is insisted on the part of the respondents that the evidence offered in support of the agreement was insufficient to show that a contract was entered into between Benard and the plaintiff at the time the original benefit certificate was issued. But we are of the opinion that this alleged agreement was sustained by the evidence. As before stated, it was not shown that the claimant, Emma Roberts, had any equitable claim whatever to the benefit certificate. So far as the evidence discloses, her claim to the money is based upon the legal ground that she was named the beneficiary in the second certificate. In view of the fact, therefore, that the plaintiff has shown an equitable claim to the money, we are of the opinion that she is entitled to the same.

Under the view we have taken of the case, it will not be necessary to discuss or decide the question presented as to the validity of the issuance of the second certificate. The judgment of the court below is reversed, and the circuit court is directed to correct its conclusions of law, and to enter a judgment in favor of the plaintiff for the amount due upon said benefit certificate as originally issued.