BENARD v. GRAND LODGE A. O. U. W. OF THE DAKOTAS *et al.*

(Opinion filed April 2, 1901.)

The additional facts are stated in the opinion.

Appeal from circuit court Minnehaha county. HON. JOSEPH W. JONES, Judge.

This case was first decided by this court in an opinion reported in 13 S. D. 132, 82 N. W. 404 in which opinion the judgment of the lower court in favor of the defendant Emma Roberts was reversed A rehearing was subsequently granted. this opinion is upon the rehearing. The former decision is affirmed.

*Wilkes & Wilkes Aikens & Judge* of counsel) for appellants.
*Keith & Warren,* for respondents.

HANEY, J. In addition to the statement of the issues involved in this action, to be found in our former decision (13 S. D. 132,82 N. W. 404), it should be observed that Emma Roberts, a sister of the deceased member of the defendant order, was made a party defendant; that she appeared and answered, claiming the fund in controversy by virtue of an alleged change of beneficiary in accordance with the rules of the order; and that the relief demanded by the plainttiff includes a cancellation and surrender of the beneficiary certificate issued to her in place of the one formerly issued to the plaintiff, the widow of the deceased member. It should also be observed, as alluded to in our former opinion, that the defendant lodge alleges in its separate answer that the draft for $2,000 drawn by the proper authorities of the order "has not been delivered to the defendant Emma Roberts, but is now held by the proper custodian in order to be delivered to the said Emma Roberts, or to such other person as the court may direct on the trial of this action." Therefore the

real situation is very simple. The lodge is ready and willing to pay the fund in its possession to either of the claimants as the court shall direct. All the parties interested in such fund are in a court of equity, which has ample power to render a decree that will protect and conclude the rights of all concerned. Adhering to the views expressed in our former opinion, and believing that the plaintiff, upon the undisputed facts, is entitled to this fund as against the defendant Emma Roberts, believing that a new trial governed by the rules of law applicable to this case would not result in a different conclusion, and believing that a decree in this action awarding the fund to the plaintiff will fully protect the lodge from any claim on the part of its co-defendant, we again reach the conclusion that the judgment of the court below should be reversed, with directions to enter judgment in favor of the plaintiff for the amount due upon the benefit certificate as originally issued.