JACOBY, Respondent, v. JACOBY, Appellant

(11 N. W.2d 135.)

(File No. 8590. Opinion filed October 6, 1943.)

**Alan L. Austin,** of Watertown, and **Payson W. Spaulding,** of Evanston, Wyo., for Appellant.

**Herbert E. Hitchcock** and **Fred J. Nichol,** both of Mitchell, for Respondent.

SMITH, J. The controversy placed at issue by this cause arose between the first and third wives of the late Dr. William K. Jacoby and concerns a portion of the proceeds of a policy insuring his life. The question to be decided is

whether under undisputed facts, the plaintiff first wife, as the promise in a contract providing that the promisor, Dr. Jacoby, would maintain insurance upon his life for her benefit in the sum of $5,000, gained equitable rights in a particular policy insuring his life superior to the legal and equitable rights of the defendant third wife, who had been substituted as the beneficiary named in the policy and who also asserted equitable rights in the policy and its proceeds. The trial court sustained the claim of the plaintiff first wife. We refer to plaintiff as the first wife and to defendant as the third wife.

██ The case is presented here under mutual concessions. The parties accept as sound in principle those cases which hold that though a beneficiary named in a policy which contains a provision reserving a right in the insured to change the beneficiary is without a so-called vested right in the policy, he may nevertheless become invested with equitable rights therein through a separate contract with the insured, and that such rights may prevail over the legal and equitable rights of one who has been subsequently substituted as the named beneficiary. See Benard v. Grand Lodge A.O.U.W. of the Dakotas et al., 13 S. D. 132, 82 N. W. 404; Id., 14 S. D. 340, 85 N. W. 596; Vance on Insurance, 2d Ed., 560; 2 Appleman, Insurance Law and Practice, § 922; 37 C. J. 580. That such an equitable right in the policy may arise from a settlement of property rights in connection with a divorce proceeding is not questioned. See Shoudy v. Shoudy, 55 Cal. App. 344, 203 P. 433; Mutual Life Ins. Co. of New York v. Franck, 9 Cal. App.2d 528, 50 P.2d 480; Locomotive Engineers Mut. Life & Acc. Ins. Ass'n v. Locke, 251 App. Div. 146, 295 N. Y. S. 689, affirmed 277 N. Y. 584, 13 N. E.2d 781.

A typical pronouncement with reference to the fundamental principle invoked by the first wife appears in Jory v. Supreme Council, 105 Cal. 20, 38 P. 524, 526, 26 L. R. A. 733, 45 Am. St. Rep. 17, in words as follows: "The principle here under consideration is the most recent growth of mutual benefit association law, a branch of the law which in

itself is young in years; and we know of nothing in the law which deprives a person contemplating membership in a mutual benefit association from so contracting with the proposed beneficiary as that, when such certificate is issued, equities in favor of the beneficiary are born, of such merit that the insured member has no power to defeat them. The few authorities shedding light upon this question declare the rights of the beneficiary are such as to create a vested interest in the proceeds of the certificate. Smith v. [National Ben.] Soc., 123 N. Y. 85, 25 N. E. 197 [9 L. R. A. 616]; Nix v. Donovan, City Ct., 18 N. Y. S. 435; Maynard v. Vanderwerker, Sup., 24 N. Y. S. 932. Possibly this is not a correct declaration of the principle of law applicable to the conditions; for a second beneficiary might be substituted, wholly innocent of the contractual relations existing between the insured and the first beneficiary, and his substitution give rise to the creation of equities in his behalf, all-controlling upon a judicial disposition of the rights of the parties concerned. If the original beneficiary's interest was vested, no subsequent conditions could possibly arise which would defeat his right, and, for this reason, we think it can hardly be termed a vested interest. The whole matter seems to be rather a question of equities, and the stronger and better equity must prevail." In Benard v. Grand Lodge A.O.U.W., supra [13 S. D. 132, 82 N. W. 405], this court said: "In this case, if Benard, in making the original certificate payable to his wife, did so under an agreement with her by which she undertook, in case of his inability to meet the assessments becoming due thereon, to pay the same, and she did pay some of the said assessments, she acquired an equitable interest in the benefit certificate, of which she could not be deprived except by a party showing a better equity in the new certificate."

The real difference of opinion has to do with the application of these accepted principles to the facts. The central contention of the defendant third wife is that the plaintiff first wife has failed to establish an equitable right or interest in the policy and that therefore she, as the named bene-

ficiary at the time of Dr. Jacoby's death, is entitled to prevail.

■■ Reduced to their lowest denomination in terms of legal significance, the facts reveal the following circumstances: In 1920, Dr. Jacoby by agreement in writing, the terms of which were incorporated in a decree of divorce, obligated himself to maintain insurance on his life in the sum of $5,000 for the benefit of the first wife. Such a policy, in which the first wife was designated as the sole beneficiary, was in force at the date of the described agreement and decree. This policy was surrendered on the 7th day of March 1927, and its cash surrender value was applied on a new policy for $5,000 in which the first wife was named as the sole beneficiary. On that same day, March 7, 1927, Dr. Jacoby procured the policy at issue which insured his life for the sum of $10,000. This policy named his second wife as its sole beneficiary, and according to its terms reserved a right in the insured to change the beneficiary. On October 2, 1929, Dr. Jacoby changed the beneficiary in his $10,000 policy so as to make it payable $5,000 to the first wife and $5,000 to his estate. In July 1932, at a time when the $5,-000 policy remained in force, Dr. Jacoby again changed his $10,000 policy and designated defendant, who shortly thereafter became his third wife, as the sole beneficiary thereof. On June 10, 1933, the above-described $5,000 policy, payable to the first wife, was surrendered and its cash surrender value in the sum of $109.83 was applied on past-due premiums on the $10,000 policy. Thereafter, without having procured any other insurance for the benefit of the first wife, Dr. Jacoby died on May 6, 1941. Dr. Jacoby retained possession of all of the described policies. Plaintiff first wife by her complaint claimed equitable rights in the $10,000 policy to the extent of $5,000. As we have indicated, the trial court sustained her claim. In this, we think the learned trial court erred. ·

The first circumstance to be noticed is that at the moment when the first wife was substituted as a beneficiary of the $10,000 policy, and during the whole time while her

name appeared on that policy, Dr. Jacoby was maintaining separate protection for her benefit in the sum of $5,000 as required by the property settlement agreement. In our opinion, this circumstance is of determinative significance. The conclusion is impelled that the first wife acquired an equitable interest in the existing $5,000 policy before she was designated as a beneficiary in the $10,000 policy. The entire potential of the underlying agreement to maintain insurance was required to support the equitable interest thus previously gained in the existing $5,000 policy, and so long as that interest persisted, the basic agreement could not serve to vest the first wife with an interest in other policies. When Dr. Jacoby voluntarily provided the first wife with additional protection under a policy which contained a reservation of the right to change the beneficiary, she acquired no more than a mere expectancy of benefit which he was at liberty to destroy by exercising his unfettered right to change the beneficiary of that policy.

Viewing this circumstance from a different aspect, we arrive at the identical result. If the inference that the equity of the first wife had vested in the $5,000 policy and that the then potential of the underlying agreement was thereby exhausted is thought to be unwarranted, it seems manifest to us that considering the basic contract as operative on all of the insurance in which the first wife was named as beneficiary, it but restricted Dr. Jacoby in the exercise of his right to change the beneficiary as to $5,000 of the whole protection so provided. So long as he had not delivered either of the policies to the first wife, or the parties had not by equivalent conduct manifested a mutual selection of a particular contract of insurance as answering the description of the basic contract, we think Dr. Jacoby could of right change the beneficiary in either of the policies, if he were then maintaining the other in fulfillment of his obligation.

The second circumstance, requiring consideration, is that at the time in 1933 when Dr. Jacoby breached his basic contract with the first wife by surrendering the $5,000 policy

without providing her with additional protection, the $10,-000 policy, bearing the name of the third wife as its designated beneficiary, was in force, and continued in force until the death of Dr. Jacoby. Assuming, for the purposes of analysis, that the third wife beneficiary named in the $10,-000 policy was a mere donee beneficiary, the question arises, Did the basic contract operate to create or invest the first wife with equities in that policy she could enforce against such a volunteer? We think not. We have been unable to find a case in which a court, in dealing with a contract which without describing a particular policy provided for protection to the promisee in a stated amount, has held that such a contract of its own separate force operated to create an interest in any of the policies of insurance of the promisor. The theory of the cases cited by counsel, and of all the cases we have examined, as we interpret them, is that two factors are essential to the creation of such a vested or equitable interest, viz., (1) such an express or implied contract to provide insurance and (2) a naming of the promisee as the beneficiary in a policy. When these factors concur, the underlying contract restricts the power reserved in the particular policy to change the beneficiary, and transforms that which would otherwise amount to an expectancy into a so-called vested right. In our opinion, in the circumstances of the instant case, as well as in a case where the promisor in such a contract has policies in force at the time of its execution, and later has other policies written but fails and refuses to perform his contract by naming the promisee as the beneficiary in any policy, the promisee gains nothing but a cause of action for breach of contract and stands on no different footing in relation to the contracts of insurance of the promisor than any other of his creditors.

We have not failed to note a further circumstance. At the time of the surrender of the $5,000 policy the surrender value thereof in the sum of $109.83 was applied in payment of past-due premiums on the $10,000 policy. This circumstance, in our opinion, is without significance. If, for the purposes of this opinion, it be conceded that one having

a vested interest in a policy has an interest in its surrender value (see 2 Appleman, Insurance Law and Practice, § 911, note 22), it does not follow that this fact offers support to the first wife's claim to $5,000 of the proceeds. If Dr. Jacoby had had a like sum in his possession belonging to the first wife, and she could trace that sum into the policy, the most she could possibly claim would be the return of her money with interest.

We conclude that the first wife failed to establish the claimed equity of $5,000 in the $10,000 policy. Being of that opinion, we have no occasion to examine the facts proved in an attempt to show that the third wife, in addition to being the named beneficiary at the time of death, was possessed of paramount equitable rights in the proceeds.

The judgment of the learned trial court is reversed.

All the Judges concur.