[Civ. No. 19556. Second Dist., Div. Two. No. 13, 1953.]

RELIANCE LIFE INSURANCE COMPANY OF PITTS-BURGH (a Corporation), Plaintiff, v. ROSE GANDIN JAFFE, Respondent; LESLIE S. GANDIN et al., Appellants.

Fred H. Steinmetz and William B. Murrish for Appellants.

Jess Whitehill for Respondent.

MOORE, P. J.—David and Gertrude Gandin had two minor daughters, to wit: Leslie S. and Peggy Dee. In contemplation of divorce, the parents by a writing entered into an agreement for a property settlement. By that document they agreed that a life insurance policy in David's name "is to be maintained by the husband"; the beneficiaries to be Leslie and Peggy Dee, "share and share alike, or to the survivor of them." Prior to his death David executed a change of beneficiary whereby he directed that the proceeds of the policy be placed in two equal trusts with each daughter a beneficiary and his sister, Rose Gandin Jaffe, the trustee of both trusts, each trust to terminate upon the beneficiary's attaining the age of 21 years.

Following the death of David, Rose Jaffe as trustee, and Gertrude Dobreer as potential guardian of the persons and estates of the minor children, filed claims with the insurance company after which it filed its complaint in interpleader to determine who is entitled to the possession of the proceeds of the policy. The trial court awarded the proceeds to Rose Jaffe as trustee as directed by the trustor in his "change of beneficiary." The minor children through their mother Gertrude Dobreer as guardian *ad litem* appeal from the judgment, contending that the change of beneficiary creating the trusts was contrary to the terms of the property settlement.

The interest of a beneficiary in a policy which authorizes an alteration of its terms is not ordinarily a vested right. On the contrary, it is a mere expectance of an inchoate gift which may be consummated upon the death of the insured. However, it is revocable at the option of the insured during his lifetime. (*Mutual Life Ins. Co.* v. *Franck,* 9 Cal.App.2d 528, 537 [50 P.2d 480].) But the latter may waive his right to change the beneficiary and by contract he may convert the contingent interest into a vested equitable interest in the policy which may not be subsequently defeated by an effort to change the beneficiary. (*Chilwell* v. *Chilwell,* 40 Cal.

App.2d 550, 553 [105 P.2d 122]; *Shoudy* v. *Shoudy*, 55 Cal. App. 344, 351 [203 P. 433].)

No question having been raised with respect to the execution of the property settlement, it is assumed to be valid and based upon sufficient consideration. ■ The children as third party beneficiaries may enforce the provisions therein made expressly for their benefit in the same manner as can a party to the agreement. (Civ. Code, § 1559.) ■ Regardless of whether the insured complies with the terms of the contract, it operates as an equitable assignment of the proceeds of the insurance policy. (*Mutual Life Ins. Co.* v. *Henes*, 8 Cal.App.2d 306, 311 [47 P.2d 513].) The question for decision then is what was agreed upon by David and Gertrude.

The pertinent portions of the property settlement are:

"(8) Husband and wife agree that the insurance policies and dividends now pending are to be maintained as follows:

"(a) California Western States Life Insurance Policy No. 575435, in the name of Leslie S. Gandin to be maintained by the husband with Peggy Dee Gandin to be named as beneficiary and David Gandin as contingent beneficiary.

"(b) Metropolitan Life Insurance policy #763319M1 in the name of Gertrude Gandin to be maintained by the wife with Peggy Dee Gandin and Leslie S. Gandin to be named as beneficiaries, share and share alike, or to the survivor of them.

"(c) Reliance Life Insurance Co. policy #1091164 in the name of David Gandin is to be maintained by the husband, the beneficiaries are to be Leslie S. Gandin and Peggy Dee Gandin, share and share alike, or to the survivor of them. . . .

"(f) Husband and wife agree that in the event of extenuating economic circumstances the husband may in his discretion, discontinue or borrow on any or all of the aforementioned insurance policies maintained by him, so long as the proceeds thereof are used for the benefit of the children, Leslie S. Gandin and Peggy Dee Gandin. The policy maintained by the wife may also, in her discretion, be discontinued or borrowed upon by her so long as the proceeds thereof are used for the benefit of the children, Leslie S. Gandin and Peggy Dee Gandin."

Respondent asserts that the word "beneficiary" has several meanings, including a person for whose benefit a trust is created. Also, she contends that the interest David attempted to vest in the children by the creation of a trust was in fulfillment of the property settlement. But in interpreting that contract, its language must control and not a gratuitous in-

terpretation thereof. ██ The common or usual meaning will be ascribed to words used in a contract unless the context or the circumstances indicate that in a particular case a special meaning should be attached to them. ██ In dealing with policies of insurance, the word beneficiary ordinarily means that person who is entitled to the proceeds of a policy on the occurrence of the event designated. In subsection eight of the agreement, several references to "beneficiary" are made. If any other type of beneficiary had been intended, it would have been incumbent upon the parties involved to make the distinction in the instrument.

On the face of the policy in question appears the following: "BENEFICIARY (unless subsequently changed) Gertrude M. Gandin, wife, if living, otherwise all children of the insured and Gertrude M. Gandin born of this marriage, share and share alike, survivors or survivor, as per endorsement." The language of subparagraph (8) of the property settlement quoted above discloses an unequivocal agreement that the life policies be maintained in the form and manner therein particularized and does not mention the possibility of either party's attempting to create a trust with the proceeds of the policies as the trust estate, with Rose Jaffe as trustee. In the absence of expressions from their property settlement to the contrary, it is not reasonable to conclude that the parties to the agreement intended other than that the specified children were to be changed from contingent beneficiaries to direct beneficiaries.

██ The children did not have an absolute right to the face value of the policy, since subparagraph (8), subsection (f) of the property settlement gave the father the right to discontinue or borrow on the policy at his discretion. Respondent argues that since the children did not have such a right to the proceeds, the creation of the trusts cannot affect their interest in the policy. But this restriction on their rights is express in the agreement and it is reasonable to believe that if other restrictions, such as a trust during their minority, had been contemplated, they also would have been expressed in subparagraph 8.

The conclusion to be drawn from the foregoing is that the creation of the trusts by David was a unilateral concept on his part in his zeal to give respondent the power to manage the trust estates instead of his former spouse. It was not in contemplation of the parties to the property settlement.

Respondent contends that since the proceeds, if awarded to the children directly, would be held by a guardian of their estates until they reached 21, there is no difference between the trust status and direct beneficiary status and therefore the agreement has been complied with. This is not pertinent. The question is not whether the children are getting what they would get in any event, but whether the creation of the trust, regardless of its duration, was contrary to the terms of the property settlement. The fallacy of her position will readily appear if it be assumed that the trust does not terminate until the children attain 30 years. In that event, the financial effect would be different, but the legal question would remain the same.

The attempted creation of trusts by David did not affect the prior equitable interest of the children. Therefore, it was error to award the proceeds of the insurance policy to Rose Jaffe as trustee.

In a prior proceeding in the matter of the guardianship of the persons and estates of the minor children, the court ordered that Gertrude Gandin Dobreer be appointed guardian of the persons of the children and retained jurisdiction of the matter for the purpose of appointing a guardian of the estates upon a showing of the existence of property belonging to the minors which may require a guardian. No evidence was heard at the trial of the present action on the guardianship matter and no guardian of the estates has been appointed.

■ Appellant's prayer for attorney's fees was disallowed by the trial court. This was proper under Probate Code, section 1509, since no contract had been approved by the court and judgment was not recovered by or on behalf of the minors. But since the holding on appeal is in favor of appellant, reasonable attorney's fees should be allowed to appellant. (*Leonard* v. *Alexander*, 50 Cal.App.2d 385, 387 [122 P.2d 984].) .

The judgment appealed from is reversed and the cause is remanded with instructions to direct the payment by plaintiff of the proceeds of its life insurance policy to such guardian of the estates of the children as shall be appointed and to order the payment by such guardian of a reasonable fee for the services of appellants' attorneys prior to the filing of notice of appeal and the payment also to such attorneys of the sum of $350 for the prosecution of this appeal.

McComb, J., and Fox, J., concurred.