In the Matter of the ESTATE of John J. LEMER, Deceased.

Dorsey Jean FARLEY, Individually and as Guardian of Benjamin Lemer, Tracy Lynn Lemer and William Ray Lemer, Minors, Plaintiff and Appellant,

v.

Susan LEMER, Individually as surviving widow of John J. Lemer and as petitioner for summary administration of the estate of John J. Lemer, deceased, Rinehart Enterprise, Inc. and Howard Rinehart, Defendants and Appellees.

No. 13178.

Supreme Court of South Dakota.

Considered on Briefs March 20, 1981.

Decided June 3, 1981.

Wally Eklund of Johnson, Johnson & Eklund, Gregory, for plaintiff and appellant.

H. L. Hollmann Chamberlain, for defendants and appellees.

WOLLMAN, Chief Justice.

Appellant, Dorsey Jean Farley, appeals from the declaratory judgment of the trial court, which, inter alia, awarded all or part of the proceeds of two life insurance policies to the Estate of John J. Lemer (decedent). We reverse and remand.

Dorsey Jean Farley married decedent on October 15, 1969. Three children were born to the marriage: Benjamin Lemer, Tracy Lemer and William Lemer. In 1976, Dorsey Jean Farley was granted a divorce from decedent. A property settlement agreement incorporated into the decree of divorce provided that any life insurance policies owned by decedent were to be changed to make the three children the beneficiaries.

At the time the divorce decree was entered, decedent owned three life insurance policies: a policy with Rushmore Mutual Life Insurance Company (Rushmore), a credit life insurance policy with Minnesota Mutual Life Insurance Company (Minnesota Mutual), and a policy with New York Life Insurance Company (New York Life). No appeal was taken from the decree of divorce.

Decedent later married Susan Lemer, whom he left as his surviving spouse when he died on April 24, 1979. Before he died, however, decedent changed the beneficiaries of the Rushmore policy to Susan Lemer as primary beneficiary, and to Benjamin Lemer, Tracy Lemer, William Lemer, and Troy Wayman (Susan Lemer's son by a previous marriage) as contingent beneficiaries. Decedent also named Susan Lemer as the beneficiary of the New York Life policy.

Dorsey Jean Lemer brought this declaratory judgment action contending that her children, Benjamin, Tracy, and William Lemer, should receive the proceeds of these three life insurance policies. The trial court held that the three children were entitled to the proceeds of the Rushmore policy but held that the proceeds of the New York Life policy were to be paid to decedent's estate. The trial court also held that part of the proceeds of the Minnesota Mutual policy were to be paid to Farmer's State Bank of Winner, South Dakota, with the balance to be paid to decedent's estate. Dorsey Jean Farley appeals only from that part of the judgment that granted all or part of the Minnesota Mutual and New York Life policy proceeds to decedent's estate.

*Jacoby v. Jacoby*, 69 S.D. 432, 11 N.W.2d 135 (1943), sets forth the applicable principles of law in determining who is entitled to the proceeds of the insurance policies. In *Jacoby*, this Court stated:

[T]hough a beneficiary named in a policy which contains a provision reserving a right in the insured to change the beneficiary is without a so-called vested right in the policy, he may nevertheless become

invested with equitable rights therein through a separate contract with the insured, and ... such rights may prevail over the legal and equitable rights of one who has been subsequently substituted as the named beneficiary. See *Benard v. Grand Lodge A.O.U.W. of the Dakotas et al.*, 13 S.D. 132, 82 N.W. 404; Id., 14 S.D. 340, 85 N.W. 596; Vance on Insurance, 2d Ed., 560; 2 Appleman, Insurance Law and Practice, § 922; 37 C. J. 580. That such an equitable right in the policy may arise from a settlement of property rights in connection with a divorce proceeding is not questioned. See *Shoudy v. Shoudy*, 55 Cal.App. 344, 203 P. 433; *Mutual Life Ins. Co. of New York v. Franck*, 9 Cal. App.2d 528, 50 P.2d 480; *Locomotive Engineers Mut. Life & Acc. Ins. Ass'n v. Locke*, 251 App.Div. 146, 295 N.Y.S. 689, affirmed 277 N.Y. 584, 13 N.E.2d 781.

69 S.D. at 434, 11 N.W.2d at 135–36.[1]

In *Jacoby*, the decedent, by written agreement incorporated into the decree of divorce, obligated himself to maintain insurance upon his life in the sum of $5,000 for the benefit of his first wife. This Court was called upon to determine whether the decedent's first wife or his third wife was entitled to the proceeds of a certain insurance policy. This Court held that the third wife was entitled to the proceeds and that the first wife had only a cause of action for breach of contract against the decedent's estate.

The clear import of the *Jacoby* opinion, however, is that the holding applies only to its particular factual setting. The fact that distinguishes *Jacoby* from the case at bar is that in *Jacoby* the contract, as set forth in the divorce decree, provided merely for the maintenance of a specified amount of insurance without description of a particular policy.[2] As is stated in *Jacoby*:

> The real difference of opinion has to do with the application of these accepted principles to the facts.

. . . .

... We have been unable to find a case in which a court, in dealing with a contract which without describing a particular policy provided for protection to the promisee in a stated amount, has held that such a contract of its own separate force operated to create an interest in any of the policies of insurance of the promisor.... In our opinion, in the circumstances of the instant case, as well as in a case where the promisor in such a contract has policies in force at the time of its execution, and later has other policies written but fails and refuses to perform his contract by naming the promisee as the beneficiary in any policy, the promisee gains nothing but a cause of action for breach of contract and stands on no different footing in relation to the contracts of insurance of the promisor than any other of his creditors.

69 S.D. at 435, 438, 11 N.W.2d at 136, 137.

In the case at bar, decedent was not merely required to maintain a specified amount of insurance for the benefit of the children. On the contrary, he was required to name the children as the beneficiaries of any life insurance policies he owned at the time of the agreement.

█ The only question not addressed in *Jacoby* that needs to be addressed here is whether the rights that vest as a result of the settlement of property rights in a divorce proceeding may vest in a minor child. We conclude that the rights to the insurance policy proceeds may vest in the children as third-party beneficiaries. SDCL 53–2–6; *Reliance Life Ins. Co. of Pittsburgh v. Jaffe*, 121 Cal.App.2d 241, 263 P.2d 82 (1953); *Tomlinson v. Lackey*, 555 S.W.2d 810 (Tex.Civ.App.1977).

█ We therefore hold that the children, Benjamin, Tracy and William Lemer, ac-

---

1. See also *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155 (5th Cir. 1976); *Thomson v. Thomson*, 156 F.2d 581 (8th Cir. 1946).

2. See *Prudential Insurance Co. of America v. Gibson*, 421 S.W.2d 26 (Mo.App.1967), which recognizes this distinction, and *Lock v. Lock*, 8 Ariz.App. 138, 444 P.2d 163 (1968), which is factually similar to *Jacoby* and therefore follows the *Jacoby* reasoning.

quired a vested equitable right in the insurance policies owned by decedent at the time of the agreement and that such right prevails over the rights of Susan Lemer. *Jacoby v. Jacoby,* supra; *Mutual Life Ins. Co. of New York v. Franck,* 9 Cal.App.2d 528, 50 P.2d 480 (1935). Benjamin, Tracy and William Lemer are entitled to the proceeds of the New York Life policy and to the net proceeds of the Minnesota Mutual policy remaining after payment of the amount decedent owed to Farmer's State Bank of Winner.

The judgment is reversed and the case remanded to the trial court for the entry of judgment consistent with this opinion.

All the Justices concur.