Rhonda NOLL and Randall Noll,
Plaintiffs and Appellees,

v.

Betty BRENDE, Defendant
and Appellant.

No. 13531.

Supreme Court of South Dakota.

Considered On Briefs Feb. 25, 1982.

Decided April 21, 1982.

David O. Carter, Sioux Falls, for plaintiffs and appellees.

L. Anthony Weisensee, Sioux Falls, for defendant and appellant; Randall K. Johnson, Sioux Falls, on brief.

WOLLMAN, Chief Justice.

Appellant Brende appeals from a judgment ordering her to pay over to appellees the proceeds of two life insurance policies held by appellees' father at the time of his death and awarding appellees $2,000 attorney fees. We affirm in part and reverse in part.

Appellees are the children of Barbara Noll and John Noll. Appellant is John Noll's sister. Barbara Noll and John Noll were divorced in 1968. The judgment and decree of divorce required John Noll to maintain two life insurance policies that were owned by him at the time of the divorce and to maintain appellees as beneficiaries. At the time of John Noll's death in March of 1971, however, appellant was listed as the beneficiary of both policies. Accordingly, she received a total of $35,000 in life insurance proceeds.

The trial court found that John Noll had named appellant the beneficiary of the

policies for the purpose of her receiving the proceeds in trust for the benefit of appellees and that appellant had treated the proceeds as a trust for appellees' benefit during their minority. These findings are amply supported by the evidence and thus will not be disturbed on appeal. SDCL 15–6–52(a). There was evidence that appellant stated shortly after John Noll's death that she was going to see a lawyer about setting up a fund for appellees. Also, at Barbara Noll's request appellant gave Barbara $3,000 from the insurance proceeds in 1976 to be used for a down payment on a home for her and appellees. Appellant later gave appellees $300 out of the insurance proceeds for a vacation trip.

In August of 1980 Barbara Noll had a discussion with appellant regarding the balance of the insurance proceeds. Appellant announced her intention to give each of the appellees $10,000 at that time and that depending on how wisely they spent it she would determine when and if she would give them each an additional $5,000. Appellant expressed her desire that appellee Rhonda Noll, who was then some two months short of her eighteenth birthday, use a portion of her $10,000 to buy a new car. Appellee Randall Noll was to use his $10,000 to pay off an existing bank loan and to buy a car of his choice. When Barbara Noll demurred to this proposal on the ground that Rhonda had never had a car and did not need a new car, appellant "blew up and said that then they [appellant and her mother] wouldn't do anything." In response to Barbara Noll's suggestion that appellant give Rhonda $5,000 instead of $10,000 and that Rhonda buy a used car and put the balance of the $5,000 into the bank, appellant responded that she "didn't have to give them any money; she wasn't going to give them any money; she could take it and burn it if she so desired."

The trial court concluded that an implied trust had been placed over the insurance proceeds for the benefit of appellees, who were entitled to receive from appellant the proceeds, plus interest from the date of their father's death.

SDCL 55–1–6 states, "An implied trust is one which is created by operation of law. An implied trust arises in the cases described in §§ 55–1–7 to 55–1–10, inclusive." SDCL 55–1–11 states:

The enumeration in §§ 55–1–7 to 55–1–10, inclusive, of cases wherein an implied trust arises does not exclude or prevent the arising of an implied trust in other cases nor prevent a court of equity from establishing and declaring an implied, resulting, or constructive trust in other cases and instances pursuant to the custom and practice of such courts.

"An implied trust arises from the facts and circumstances of a transaction . . . ." *Knock v. Knock*, 80 S.D. 159, 166, 120 N.W.2d 572, 576 (1963). "A trust by operation of law must be established by clear, satisfactory, and convincing evidence." *Johnson v. Johnson*, 300 N.W.2d 865, 869 (S.D.1980), and cases cited therein.

After considering the facts and circumstances of this case, together with the intent of the parties involved, *Knock v. Knock*, supra, we conclude that the trial court did not err in concluding that an implied trust existed in favor of appellees. Not only do the facts of this case fall within the holdings in the *Knock* and *Johnson* cases, supra, they are remarkably similar to the facts in *Matter of Estate of Lemer*, 306 N.W.2d 244 (S.D.1981), and the trial court's judgment is also supportable on the basis of that decision.

We next consider whether the trial court erred in imposing a fiduciary duty upon appellant to prudently invest the corpus of the implied trust. The resolution of this issue comes squarely within our holding in *Lemer*, supra. Here, as in *Lemer*, appellees' father was not merely required to maintain a specified amount of insurance for appellees' benefit. He was required to name appellees as the beneficiaries of the specific life insurance policies he owned at the time of his divorce from appellees' mother. In *Lemer* we held that the children acquired a vested equitable right in the insurance policies owned by decedent at the time of his agreement to name them as

beneficiaries. Here, appellees also had a vested equitable right to the insurance policies owned by their father at the time of the divorce decree. This right developed into a fiduciary relationship with appellant at the date of appellees' father's death. Accordingly, the trial court did not err when it found that appellees were entitled to receive interest on the insurance proceeds from the date appellant received them.

■ The final issue is whether the trial court erred in ordering appellant to pay $2,000 in attorney fees. SDCL 15–17–7 provides:

> The court may allow attorneys' fees as costs for or against any party to an action only in the cases where the same is specifically provided by statute, but nothing herein shall abridge the power of the court to order payment of attorneys' fees in all cases of divorce, annulment of marriage, or for separate maintenance and alimony, where the allowance of the same before or after judgment shall seem warranted and necessary to the court. Nor shall anything herein abridge the power of the court to allow attorneys' fees from trusts administered through the court.

We do not consider this statute as authorizing the award of attorney fees in the circumstances of this case. This was not a trust administered through the courts. In the absence of specific statutory authority the trial court should not have awarded the fees in question. See *Estate of Weickum*, 317 N.W.2d 142 (S.D.1982); *Boland v. City of Rapid City*, 315 N.W.2d 496 (S.D.1982).

That portion of the judgment ordering appellant to pay the balance of the insurance proceeds to appellees and awarding appellees interest on the proceeds from date of receipt by appellant is affirmed. That portion of the judgment awarding appellees attorney fees is reversed.

All the Justices concur.