Barbara Jean **CUMMINGS**, a minor, by her Guardian ad litem, Willard P. **TECHMEIER**; and Laverne H. Cummings, Special Administratrix of the Estate of Dennis G. Cummings, Plaintiffs,

v.

**BRIGGS & STRATTON RETIREMENT PLAN**, the First Wisconsin Trust Company, plan trustee, Briggs & Stratton Retirement Committee, plan administrator, and Frank J. Sprtel, Defendants.

Civ. A. No. 83–C–722.

United States District Court,
E.D. Wisconsin.

April 19, 1985.

Willard P. Techmeier, Stanley J. Lowe, Techmeier, Sheedy & Associates, Milwaukee, Wis., for plaintiffs.

David R. Cross and Peter W. Bunde, Quarles & Brady, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for benefits and statutory penalties under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Federal jurisdiction is based on 28 U.S.C. § 1331.

The complaint contains two counts. First, plaintiffs contend that benefits are payable and owing to Barbara Jean Cummings by virtue of her status as beneficiary of the Briggs & Stratton Retirement Plan. Second, plaintiffs contend that the defendants failed to comply with a request for information, in violation of 29 U.S.C. §§ 1025(a) and 1132(c). Presently before the Court are (1) plaintiffs' motion to compel discovery; (2) defendants' motion to dismiss defendant Frank J. Sprtel; (3) plaintiffs' oral motion for summary judgment, which was made at the close of a hearing on August 16, 1984; (4) defendants' motion to dismiss defendant First Wisconsin Trust Company; (5) defendants' motion for summary judgment; and (6) defendants' unopposed motion to strike plaintiffs' jury demand. The motions are treated *seriatim.* In substance, I conclude that the plaintiffs are entitled to judgment with respect to their claim for benefits on the basis of the present record, and therefore, their motion for summary judgment will be granted in part. I further conclude that the amount of benefits to be awarded cannot be determined on the basis of the present record, and therefore, the parties will be directed to submit information on this point. I further conclude that the defendants are entitled to summary judgment on the claim for statutory penalties.

The following facts are not in dispute. Plaintiff Barbara Jean Cummings is a minor resident of Milwaukee, Wisconsin, and is the surviving child of Dennis G. Cummings. Plaintiff LaVerne H. Cummings is the special administratrix of the estate of Dennis G. Cummings and was formerly Dennis G. Cummings's spouse. Defendant Briggs & Stratton Retirement Committee Plan ("the Plan") is an employee benefit plan within the meaning of 29 U.S.C. § 1132(d). The terms and conditions of the Plan are bargained for between management and labor of the Briggs & Stratton Corporation, and are incorporated into a collective bargaining agreement. Defendant The First Wisconsin Trust Company is a Wisconsin trust company bank and the trustee of the Plan. Defendant Briggs &

Stratton Retirement Committee ("the Retirement Committee") is the administrator of the Plan. Defendant Frank J. Sprtel is a member of the Retirement Committee.

Dennis G. Cummings, now deceased, was an employee of the Briggs & Stratton Corporation and a participant in the Plan. He was hired by the Briggs & Stratton Corporation in 1952. He had a high school education and lacked sophistication in the area of employee benefits.

The Plan does not contain an automatic survivorship feature, that is, it does not provide that benefits payable to a Plan participant go to the participant's survivor if the participant dies while employed. If the survivor of such a Plan participant is to receive benefits, the participant must have affirmatively elected a payment option that would include payment to a surviving spouse or beneficiary. Among the options payment to a surviving spouse or beneficiary. Among the options available under the Plan is a "Ten Year Certain and Life Option." This option is set forth in Article VI, § 6.4(a) of the Plan. It provides that a Plan participant may elect to receive a reduced pension payable until death, and if the Plan participant's death occurs before the pension has been paid for ten years, payment of the pension will be made in the reduced amount to a beneficiary designated by the Plan participant for the balance of the ten-year period. This option differs from the other options in that it contemplates payment of benefits to a designated beneficiary other than the Plan participant's spouse.

On May 15, 1972, Dennis Cummings and his spouse were divorced in Milwaukee County Circuit Court. The decree of divorce provided, *inter alia,*

9. That all of the rights of the defendant in his pension program at Briggs & Stratton Corporation is awarded to him and the plaintiff is divested of all right, title and interest therein providing, however, that the defendant shall change the beneficiary therein to the name of the minor children of the parties and each child shall be divested of such right when

he or she reach the age of eighteen (18) years.

Under the terms of the Plan, Mr. Cummings could not have designated his daughter as a beneficiary at the time the decree was entered. None of the defendants in the present action were parties to the divorce proceeding. However, Briggs & Stratton Corporation's records include information that Mr. Cummings was divorced.

In 1978, when Mr. Cummings approached his sixtieth birthday, the Retirement Committee mailed to him information about the Fifty Percent Joint and Survivor Pension Option available under §§ 6.1 and 6.2 of the Plan. This option provides for payment of a monthly annuity to a Plan participant's spouse if the participant dies before retiring. Cummings replied that he would not elect the option, stating: "I am single and not eligible for this retirement plan."

On December 4, 1981, when Mr. Cummings approached his thirtieth year of service, the Retirement Committee mailed to him a packet of information explaining the preretirement options available to him under the Plan. He did not respond to this mailing.

In May 1982, Mr. Cummings was diagnosed as having lung cancer. Shortly thereafter, it was determined that his condition was terminal. He was hospitalized but returned home in late June 1982. He gradually became confused and disoriented.

On June 29, 1982, the Retirement Committee sent Mr. Cummings the same information that had been sent to him the previous December. Both times he was told that if he did not elect a survivorship option, no one would receive any pension benefits if he died while still employed. However, Mr. Cummings never returned an application form for a survivorship option.

Mr. Cummings died on August 1, 1982. He never designated his minor children as pension beneficiaries as the divorce decree required.

On or about August 11, 1982, Barbara Jean Cummings, through a legal representative, wrote to the Retirement Committee requesting a statement of the amount of benefits due her. The Retirement Committee, through Frank J. Sprtel, replied on or about August 13, 1982, stating that no benefits were due and that the matter would be referred to legal counsel. A second letter, dated August 23, 1982, confirmed that no benefits would be paid. Barbara Jean Cummings made a second request on or about March 30, 1983. On April 6, 1983, counsel for the Retirement Committee wrote to her, again informing her that no benefits would be paid. This action was filed soon thereafter.

1. The plaintiffs' motion to compel discovery is denied. The issues with respect to which plaintiffs seek evidence are whether the Retirement Committee had actual or constructive knowledge of the terms of Dennis Cummings's divorce decree, whether the Retirement Committee knew Dennis Cummings was unaware of or misunderstood the terms of the divorce decree, and whether the Retirement Committee or its agents misled him with respect to the options available under the Plan. Resolution of these issues is unnecessary to a determination of these motions. Moreover, plaintiffs' request for discovery was untimely.

2. The defendants' motion to dismiss defendant Frank J. Sprtel is granted. The proffered statutory basis for Mr. Sprtel's liability is 29 U.S.C. § 1132(c) which provides:

> **Administrator's refusal to supply requested information.** Any administrator who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

However, the Retirement Committee is the administrator of the Plan for the purpose of this subsection, not Mr. Sprtel. Because the relief plaintiffs seek cannot be granted against Mr. Sprtel in his individual capacity, the claim against him will be dismissed with prejudice.

3. Turning next to the substance of the first claim for relief, I observe that the undisputed facts raise a question respecting Dennis Cummings's intentions. It is not clear why he did not designate Barbara Jean Cummings as a beneficiary, as the divorce decree required. A reading of the Plan's description leads to the conclusion that Mr. Cummings's pension payments would have been larger if he did not designate a surviving beneficiary. Thus, there may have been a calculated choice on his part not to elect the survivorship option. However, the documents relevant to his insurance benefits, which have been submitted to the court, disclose that he intended that his children be provided for if he were injured. This suggests that he would have wanted Barbara Jean Cummings to receive pension benefits, if possible. His lack of understanding of the options available to him, as evidenced by his response to the 1978 mailing, supports the conclusion that he did not know this was possible. Mr. Cummings therefore may have committed a mistake when he did not designate Barbara Jean Cummings as a beneficiary, or his omission may have been fraudulent and contumacious. There is evidence to support either conclusion.

However I need not determine whether Mr. Cummings's omission was deliberate, because equity provides a remedy that would be available to plaintiffs in either instance. The result derives from the equitable doctrine of constructive trusts.

In actions under ERISA, federal courts have the full panoply of equitable

powers to fashion appropriate relief. *See, e.g., Hillis v. Waukesha Title Co.,* 576 F.Supp. 1103 (E.D.Wis.1983); *Freund v. Marshall & Ilsley Bank,* 485 F.Supp. 629 (W.D.Wis.1979). There exists a federal common law of trusts, *see, e.g., Free v. Bland,* 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962), and this body of law is fully applicable to actions for benefits under ERISA.

Under traditional notions of equity, a Court may impose a constructive trust where a party unfairly holds property that justly belongs to another. The primary purpose of this device is to prevent unjust enrichment of the party unfairly holding the constructive trust *res*. The rights and duties of the parties are to be the same as if the party holding the property had been, from the beginning of his inequitable holding, an express trustee for the other. The Court must find that the party holding the property has been under an equitable duty to give to the other the benefit of the property ever since he began to hold unjustly. The property must have been acquired by some means that equity may regard as unconscionable, unjust, or unfair. However, it is not necessary that the property has been acquired by fraud, insofar as that term denotes intentional misrepresentation and *scienter*. *See* G. Bogert, Trusts & Trustees § 471 (rev. 2d ed. 1978).

Courts in other jurisdictions have imposed constructive trusts in cases where a party designates another party as beneficiary under an insurance agreement, notwithstanding a final divorce decree requiring that a third party be so designated. *See, e.g., Hudspeth v. Stoker,* 644 S.W.2d 92 (Tex.App.1982); *Noll v. Brende,* 318 N.W.2d 319 (S.D.1982); *Richards v. Richards,* 58 Wis.2d 290, 206 N.W.2d 134 (1973). *See also Simonds v. Simonds,* 408 N.Y. S.2d 359, 45 N.Y.2d 233, 380 N.E.2d 189 (1978) (requirement in separation agreement). The facts of these cases support a conclusion that the divorce decree created an equitable right to the benefits, and that the designation of a beneficiary other than

the one contemplated by the divorce decree caused unjust enrichment.

In the present case, the Retirement Committee has been essentially passive with respect to the benefits in question. If there has been any wrongdoing, it is attributable to Dennis Cummings. Yet the mere fact that the defendants may have received the proceeds innocently is itself no bar to the imposition of a constructive trust.

"Where a person holding property transfers it to another in violation of his duty to a third person, the third person can reach the property in the hands of the transferee [by means of a constructive trust] unless the transferee is a bona fide purchaser."

*Richards v. Richards,* 58 Wis.2d at 298, 206 N.W.2d at 138 (1973), *quoting* 5 Scott, Trusts § 470 (3d ed. 1967).

Likewise, the possibility that Dennis Cummings's omission to designate Barbara Jean Cummings as a beneficiary was the result of mistake or inadvertence rather than fraud does not preclude imposition of a constructive trust. As discussed earlier, fraud is not the *sine qua non* of unjust enrichment, and a unilateral mistake may form the basis for a constructive trust in appropriate cases. *Richards v. Richards,* 58 Wis.2d at 297, 206 N.W.2d at 137 (1973); *Maryland National Bank v. Tower,* 374 F.2d 381, 382–83 (4th Cir.1967) (applying Maryland law); G. Bogert, Trusts & Trustees, § 474 (rev. 2d ed. 1978).

The undisputed facts lead me to conclude that a constructive trust should be imposed on proceeds within the defendants' control. Dennis Cummings had an equitable duty to designate Barbara Jean Cummings as the beneficiary under the Plan, and thus he became the constructive trustee. Under the Plan, the defendants (other than Mr. Sprtel) are his successors. The proceeds that Barbara Jean Cummings would have received had her father discharged his duty are the trust *res*, and Barbara Jean Cummings is the constructive *cestui que* trust. The defendants have been under a duty to convey the trust *res* to Barbara Jean Cummings since the time of her father's death,

and to allow the *res* to remain within the defendants' control would unjustly enrich them.

The defendants argue that awarding relief to the plaintiffs would be tantamount to rewriting the collective bargaining agreement to provide for an automatic survivorship option. They urge that ERISA does not provide an avenue for judicial modification of contracts between labor and management.

The relief awarded here is not a general restructuring of the collective bargaining agreement. It merely remedies an inequitable situation created by unusual circumstances. Any party seeking similar relief from the operation of the terms of the Plan would have to prove the existence of the unusual circumstances present here.

Finding that the defendants hold a sum in constructive trust for the plaintiffs, the next issue involves the precise amount plaintiffs are to be awarded. Because this amount cannot be determined on the basis of the present record, only partial summary judgment can be granted for the plaintiffs. I think the remaining question can now be resolved privately. However, because the parties may dispute the amount plaintiffs are due, the plaintiffs are directed to submit within ten days of the filing date of this order an affidavit and any appropriate supporting documents showing the amount that Barbara Jean Cummings is entitled to as the constructive *cestui que* trust, that is, the amount she would have received had Dennis Cummings complied with the divorce decree. The defendants will then be allowed an opportunity to comment on the plaintiffs' submission, and the Court will then determine the amount to be awarded, if necessary.

4. It follows from the foregoing that the motion to dismiss The First Wisconsin Trust Company must be denied. While this defendant played no role in the decision to deny benefits to Barbara Jean Cummings, and could play no such role by the terms of the Plan, it is in actual possession of the proceeds forming the constructive trust *res*. In view of the relief awarded to plaintiffs as against the Plan and the Retirement Committee, it would be anomalous to dismiss the claim for benefits against this defendant. The motion is denied.

5. The second claim for relief is based on 29 U.S.C. § 1025(a), which provides:

**Statement furnished by administrator to participants and beneficiaries.** Each administrator of an employee pension benefit plan shall furnish to any plan participant or beneficiary who so requests in writing, a statement indicating, on the basis of the latest available information—

(1) the total benefits accrued, and

(2) the nonforfeitable pension benefits, if any, which have accrued, or the earliest date on which benefits will become nonforfeitable [,]

and 1132(c), quoted earlier. The claim arises out of the series of correspondence between Barbara Jean Cummings and the Retirement Committee following Dennis Cummings's death, in which benefits were requested and denied.

The damages available under § 1132(c) are punitive in nature and are awarded in the Court's discretion. In this case, the plaintiffs allege that the Retirement Committee informed them that Barbara Jean Cummings was entitled to no benefits whatever, and the Retirement Committee's letters, which have been submitted to the court as exhibits, provide the Retirement Committee's reason for its decision. Although the Court has reached a contrary conclusion, the Retirement Committee's conduct cannot be regarded as so egregious as to prompt the imposition of a penalty. It did not deliberately withhold information; it simply stated the conclusion that no benefits were due and the reasons supporting that conclusion. This is not the sort of obstinate or reckless conduct that § 1132(c) was designed to redress. Alternatively, I hold that plaintiffs have not adequately prosecuted this claim for relief. Summary judgment for the defendants

666

with respect thereto is appropriate on either ground.

6. There remains the unopposed motion of defendants to strike the plaintiffs' jury demand. The motion is granted.

In summation, the motion to compel discovery is denied; the motion to dismiss Frank J. Sprtel from the action is granted; partial summary judgment for the plaintiffs is granted on plaintiffs' claim for benefits; the motion to dismiss The First Wisconsin Trust Company is denied; summary judgment for the defendants is granted on plaintiffs' claim for statutory penalties; and the motion to strike the jury demand is granted. The parties will submit to the Court documents directed to the issue of the amount of benefits to be awarded as set forth in this order, unless they can settle this issue.

IT IS THEREFORE ORDERED that the plaintiffs' motion to compel discovery is denied.

IT IS FURTHER ORDERED that the defendants' motion to dismiss defendant Frank J. Sprtel is granted.

IT IS FURTHER ORDERED that the plaintiffs' motion for partial summary judgment is granted with respect to their first claim for relief.

IT IS FURTHER ORDERED that the defendants' motion to dismiss defendant The First Wisconsin Trust Company is denied.

IT IS FURTHER ORDERED that defendants' motion for summary judgment is denied with respect to plaintiffs' first claim for relief, and is granted with respect to plaintiffs' second claim for relief.

IT IS FURTHER ORDERED that defendants' motion to strike plaintiffs' jury demand is granted.

IT IS FURTHER ORDERED that unless the parties agree on the amount to be awarded to plaintiffs, plaintiffs shall within ten days of the filing date of this order serve and file an affidavit and any necessary supporting exhibits showing the amount Barbara Jean Cummings would have received had she been designated as a beneficiary under Dennis Cummings's and LaVerne Cummings's decree of divorce. The defendants shall have ten days thereafter to serve and file and pleadings or documents in opposition thereto.