RICHARDS and others, by Guardian *ad litem*, Appellants,
v. RICHARDS, Respondent: ANCHOR SAVINGS & LOAN
ASSOCIATION, Defendant.

*No. 22. Argued March 26, 1973.—Decided April 20, 1973.*
(Also reported in 206 N. W. 2d 134.)

For the appellants there was a brief by *Pfannerstill, Camp & Tyson* of Wauwatosa, and oral augument by *Mark M. Camp.*

For the respondent there was a brief by *Donald S. Eisenberg & Associates, Donald S. Eisenberg* and *Jerome S. Schmidt,* all of Madison, and oral argument by *Donald S. Eisenberg.*

HEFFERNAN, J. This action was brought by the children of Jack Richards to recover the proceeds of a life insurance policy on the life of their father which were

paid to Patricia K. Richards, the second wife of the decedent. The case was submitted to the court on stipulated facts. These facts show that Jack Richards was divorced from Joan Richards, the mother of the three children who are parties plaintiff herein, in December of 1967.

Pursuant to a written stipulation, the divorce judgment provided:

" 'It Is Further Ordered, Adjudged and Decreed . . . that the defendant name the minor children of the parties as beneficiaries of the following life insurance policies, or such other policies in the equivalent amounts as the following policies:

" '(a) National Service Life Insurance 30 day policy—$10,000.

" '(b) State Group Term Insurance—$9,000.00.' "

Subsequently, Jack Richards entered into a ceremony of marriage with Patricia K. Lew, who is the principal defendant in this action.

On April 9, 1969, Jack Richards changed the beneficiary designation in the State Group Term Insurance policy from his minor children to Patricia Lew Richards but did not procure any other insurance to replace it. This change was made without the knowledge of his first wife, and the existence of the policy was unknown to Patricia until after Jack's death in September of 1970. She first became aware of this policy of insurance when she received a letter from the Minnesota Mutual Life Insurance Company, the underwriter of the State Group Term Insurance policy, stating that she was the beneficiary under the policy. On October 20, 1970, Minnesota Mutual issued its check to "Patricia K. Richards, Widow of Jack Richards, Deceased" in the sum of $11,000. Patricia deposited $9,000 of the proceeds of this check in savings accounts at the Anchor Savings & Loan Association at Madison, Wisconsin. Two thousand dollars was spent by Patricia. Subsequently, after the service of process in

this action, Patricia withdrew the sum of $1,000 from one of the savings accounts. The proceeds of the National Service Life Insurance policy were paid for the benefit of the children. Jack Richards died without any assets in his estate.

In the action commenced by the plaintiffs, they argued that, by virtue of the divorce decree, they received a vested interest in the Minnesota Mutual Life Insurance Company policy which could not be defeated by a change of beneficiary. They argued also that a constructive trust had arisen by operation of law and that the court should order that the funds in the hands of the defendant be subject to that trust.

The trial judge held that, since the divorce judgment permitted Richards to substitute other insurance policies, the plaintiffs received no vested interest in the policy in question. He resolved the contention that the insurance policies were impressed with a constructive trust by concluding that that doctrine was not applicable when Patricia Richards, the recipient, was not guilty of any wrongdoing. The trial judge concluded that Patricia Richards was entitled to the insurance proceeds and dismissed the plaintiffs' complaint.

The Anchor Savings & Loan Association is not a party to this appeal, and it appears that its only function is that of a garnishee defendant or a stakeholder.

It is true, as the defendant contends, that one who purchases a life insurance policy and pays the premium may change the beneficiary at will. *Rawson v. Milwaukee Mutual Life Ins. Co.* (1902), 115 Wis. 641, 645, 92 N. W. 378. The beneficiary has a "mere expectancy," which may be defeated by the act of the insured acting in conformance with the rights under the policy. *Slocum v. Northwestern National Life Ins. Co.* (1908), 135 Wis. 288, 292, 115 N. W. 796. Nevertheless, we conclude that, under the circumstances of this case, the children of the

deceased were equitably entitled to the proceeds of the insurance policy and that a constructive trust should be imposed on the proceeds for their beneift.

Our conclusion is supported by two fairly recent cases decided by this court. *Lee v. Preiss* (1962), 18 Wis. 2d 109, 118 N. W. 2d 104, and *Estate of Boyd* (1963), 18 Wis. 2d 379, 118 N. W. 2d 705.

In *Lee v. Preiss,* a divorce judgment was entered which provided that the husband make child support payments. The husband orally promised the wife that he would maintain an insurance policy on his wife, naming her as beneficiary, to compensate for his failure to pay support during the pendency of the divorce action. Although the husband made representations from time to time that either his first wife or his children were the beneficiaries of the policy, nevertheless, after the divorce, he changed the beneficiary to Miss Preiss. The first wife and the decedent's children brought suit against Preiss to recover the proceeds. Preiss argued that, since under the insurance policy, she had been properly named the beneficiary, the proceeds were free of any claim of the first wife or the children. The trial court agreed with Preiss' contention, but on appeal this court reversed. It agreed that Preiss was entitled to the proceeds as against the insurer and held that the insurance company could make payments in reliance on its policy provisions in the absence of any notice to the contrary. Significantly, in respect to the problem which arises in the instant case, the court held that the husband's promises to the plaintiffs gave them equitable rights in the insurance policy superior to those of the named beneficiary. In so doing, the court overruled two cases relied upon by the defendant herein: *Faubel v. Eckhart* (1912), 151 Wis. 155, 138 N. W. 615, and *Malancy v. Malancy* (1917), 165 Wis. 642, 163 N. W. 186. In respect to those two cases, the court in *Lee v. Preiss* stated at page 116:

"Insofar as *Faubel v. Eckhart* and *Malancy v. Malancy* hold that an agreement between the insured and another with respect to designation of a beneficiary of a life insurance contract can confer on the promisee, in equity, no rights in the proceeds superior to those of the named beneficiary, they are overruled."

In *Estate of Boyd, supra,* page 380, the divorce judgment carried the provision:

" '6. . . . and the name of Beatrice M. Boyd, the plaintiff herein, shall be inserted as beneficiary in Policy No. C–0651–9765 with the Equitable Life Assurance Society for two thousand dollars ($2,000).' "

About a month after the divorce judgment, Boyd removed the name of his former wife, Beatrice, as a beneficiary of the policy. Upon the death of Boyd, Beatrice filed a claim against his estate for the amount of the policy. The trial court concluded that the claim had to be disallowed because Beatrice Boyd did not have a vested right in the insurance contract and, accordingly, her husband was entitled to remove her as the beneficiary. In his memorandum opinion the trial judge noted that the divorce judgment contained no express prohibition against a change in beneficiary. This court reversed. We pointed out that the provision in the divorce decree was pursuant to a stipulation of the parties. We relied upon the rule of *Miner v. Miner* (1960), 10 Wis. 2d 438, 444, 103 N. W. 2d 4, which holds that a stipulation in a divorce action is in the nature of a contract and that a contract should be given a construction which will effectuate what appears to have been the intention of the parties. In considering the facts of *Boyd,* this court concluded that the interpretation urged to contravene the claim of the first wife would only be tenable if the parties to the divorce action had intended to stipulate "to something valueless and that the judgment based thereon was intended to mirror such emptiness."

Boyd apparently left a solvent estate, and the court permitted a recovery from the assets. No attempt was made to impress a trust upon the proceeds in the hands of the beneficiary of the life insurance policy. The holding in *Boyd* makes it clear that, although a divorce judgment does not expressly prohibit the owner of an insurance policy from changing the beneficiary, the decree of the court is to be given the effect of a continuing obligation to carry out the provisions set forth therein.

While the divorce judgment entered in the action between Jack and Joan Richards specifically provided that there could be a substitution with another policy, no substituted policy was taken out. There was only a substituted beneficiary in contravention of the clear intent of the stipulation and of the divorce judgment.

In *Lee v. Preiss*, although the court did not use the term constructive trust, it did, on the basis of oral promises, impose the equivalent of a constructive trust for the benefit of the children. The *Estate of Boyd* gives a similar recognition to the continuing effect that must be placed upon a portion of a divorce judgment that requires one of the parties to the divorce to name a beneficiary of a policy of insurance. Considered together, these two cases support the plaintiffs' contention that the proceeds in the hands of Patricia Richards were impressed with a constructive trust for the benefit of the children.

The constructive trust is an invention of equity by which liability is imposed to prevent unjust enrichment and unfairness. *Mortgage Associates, Inc. v. Monona Shores* (1970), 47 Wis. 2d 171, 189, 177 N. W. 2d 340; *Masino v. Sechrest* (1954), 268 Wis. 101, 110, 66 N. W. 2d 740. A constructive trust does not depend upon the intent of the parties to create an express trust. *Will of Kalicicki* (1967), 33 Wis. 2d 277, 285, 147 N. W. 2d 343. Rather, it is created by law to equitably prevent unjust enrichment, which arises when one party receives a bene-

fit, the retention of which would be unjust as against the other. *Hanson v. Valdivia* (1971), 51 Wis. 2d 466, 476, 187 N. W. 2d 151; *Weber v. Sunset Ridge, Inc.* (1955), 269 Wis. 120, 125, 68 N. W. 2d 706, 70 N. W. 2d 5. By means of this device, the person equitably entitled to the *res* becomes the *cestui que trust* and may obtain possession from the wrongful holder, the constructive trustee. *See:* Bogert, *Trusts and Trustees* (2d ed.), p. 3, sec. 471; 5 Scott, *Trusts* (3d ed.), pp. 3412, 3413, sec. 462.

It is forcefully argued, however, that a constructive trust, even though otherwise applicable, is not, in equity, to be impressed as against one not guilty of "fraud positive or constructive." *Will of Jaeger* (1935), 218 Wis. 1, 13, 259 N. W. 842. In the instant case, Patricia Richards was not, initially at least, acting from any improper motive or intent. The stipulated facts indicate that she was entirely unaware of the change of beneficiaries and, in fact, had no knowledge of the existence of the insurance policy until her notification by the insurance company after Jack's death.

We conclude that the trial judge erred in relying upon the *Jaeger* requirement that a constructive trust will arise only if there is evidence of fraud. In the *Estate of Massouras* (1962), 16 Wis. 2d 304, 114 N. W. 2d 449, the fraud requirements of *Jaeger* were abandoned as being too restrictive and inconsistent with the basic purpose of the equitable device of a constructive trust. We stated in *Massouras,* at page 312:

"[A constructive trust] is implied by operation of law as a remedial device for the protection of a beneficial interest against one who either by actual or constructive fraud, duress, abuse of confidence, mistake, commission of a wrong, or by any form of unconscionable conduct, has either obtained or holds the legal title to property which he ought not in equity and in good conscience beneficially enjoy."

*See also: Estate of Demos* (1971), 50 Wis. 2d 262, 268, 184 N. W. 2d 117; Bogert, *Trusts and Trustees* (2d ed.), p. 3, sec. 471.

The rule is also stated in 5 Scott, *Trusts* (3d ed.), p. 3444, sec. 470:

"Where a person holding property transfers it to another in violation of his duty to a third person, the third person can reach the property in the hands of the transferee [by means of a constructive trust] unless the transferee is a bona fide purchaser."

Despite the fact that *Jaeger* indicated that a constructive trust will be impressed only when there was fraud on the part of the recipient, the rationale stated by Scott, *supra,* was applied in a much earlier case by this court. In *Truelsch v. Miller* (1925), 186 Wis. 239, 202 N. W. 352, funds embezzled from an employer were used to pay the premiums on an insurance policy under which the wife of the embezzler was the beneficiary. The wife was completely ignorant of her husband's conduct. Upon his death, however, the defrauded employer sought to impress a constructive trust on the insurance proceeds in the beneficiary's hands. This court concluded that a constructive trust was an appropriate remedy, stating that such trust may be asserted:

". . . against third parties to whom the property has been transferred with knowledge of the trust *or who have paid no consideration for it,* provided the identity of the trust fund can be established." (Emphasis supplied.) *Truelsch,* page 252.

While the case emphasized the wrongdoing of the embezzler, it made it clear that the mere ignorance of the recipient of the original impropriety did not make the recipient an innocent purchaser or, as contemplated in the rules stated by Scott on *Trusts,* a bona fide purchaser.

Accordingly, we conclude that Jack Richards' wrongful conduct, in violation of the divorce decree, furnishes a proper foundation for the impressing of a constructive

trust upon the insurance proceeds which may be followed and recovered from Patricia Richards, who was not a bona fide purchaser. We conclude that the defendant is liable to the plaintiffs in the sum of $11,000, the proceeds of the insurance policy which she received as constructive trustee for the benefit of the children of Jack Richards' first marriage.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.