Curtis F. PARGE, and Christopher R. Parge, both minors, by their Guardian ad Litem, Plaintiffs-Appellants,†

v.

Raquel J. PARGE and Constance P. Parge, Defendants-Respondents,

NATIONAL GUARDIAN LIFE INSURANCE COMPANY and Aetna Life Insurance Company, Defendants.

Court of Appeals

*No. 90-1659-FT. Submitted on briefs October 10, 1990.—Decided November 13, 1990.*

(Also reported in 464 N.W.2d 217.)

†Petition to review denied.

176

For the plaintiffs-appellants the cause was submitted on the briefs of *Stanley J. Lowe* of *Techmeier & Lowe, S.C.,* of Milwaukee.

For the defendants-respondents the cause was submitted on the briefs of *Kitty K. Brennan* of *Murphy & Brennan,* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J.  Plaintiffs, Curtis and Christopher Parge, appeal from a judgment denying their motion for summary judgment and granting summary judgment for the defendants. Pursuant to this court's order dated August 29, 1990, this case was submitted to the court on the expedited appeals calendar. Upon review of the briefs and record, we affirm the circuit court's judgment.

Franklin Parge died on June 1, 1988. The plaintiffs, Christopher and Curtis Parge, are the remaining minor children from the decedent's first marriage. The defendant, Raquel Parge, is the minor child from his second marriage. Both marriages ended in divorce.

The plaintiffs seek to impose a constructive trust upon part of the proceeds of life insurance on the life of Franklin Parge. They base their entitlement on their parents' divorce judgment, wherein Franklin Parge was ordered to "maintain a minimum of $7,500.00 life insurance policy with the minor children of the parties as beneficiaries and that said insurance shall not be pledged, as collateral, borrowed against or reduced in value in any way. Said insurance shall remain in force until the children are no longer subject to support."

According to the financial statement filed in the divorce, Franklin did not own any life insurance at the

time of the divorce from the plaintiffs' mother, July 31, 1974.

At the time of his death, Franklin had two life insurance policies in effect. One policy, provided in connection with his job, had a death benefit of $15,000 and named Raquel Parge as beneficiary. This policy became effective on September 1, 1987. The other policy, with a benefit of $1,510.89, was payable to Constance Parge, Raquel's mother. This policy was apparently originally owned by Franklin's father, and was not owned by Franklin until some time in 1977.

Because both parties moved for summary judgment, they have waived their right to a trial.

> Despite their other differences, the parties do not dispute that the trial court could appropriately decide this case at summary judgment. In fact, both parties moved for summary judgment, putting the case in a posture where both parties waived their right to a full trial of the issues, and permitted the trial court to decide the legal issue presented.

*Duhame v. Duhame,* 154 Wis. 2d 258, 262, 453 N.W.2d 149, 150 (Ct. App. 1989) (citations omitted).

The appellate court employs the same methodology as the trial court ·in reviewing an order granting summary judgment. *In re Cherokee Park Plat,* 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582 (Ct. App. 1983).

> In addition, whether to impose the remedy of a constructive trust sounds in equity. *Richards v. Richards,* 58 Wis. 2d 290, 296, 206 N.W.2d 134, 137 (1973). Our standard of review for such a determination is one of abuse of discretion. *Mulder v. Mittelstadt,* 120 Wis. 2d 103, 115, 352 N.W.2d 223, 228 (Ct.

178

App. 1984). Therefore, we employ two standards of review on this appeal.

*Duhame,* 154 Wis. 2d at 262-63, 453 N.W.2d at 150-51.

The trial court's decision to grant the summary judgment for one party over another is reviewed *de novo,* with review of the "ultimate decision to impose a constructive trust under abuse of discretion standards." *Id.* at 263, 453 N.W.2d at 151.

Discretionary acts are sustained if the trial court "examined the relevant facts, applied the proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Loy v. Bunderson,* 107 Wis. 2d 400, 414-15, 320 N.W.2d 175, 184 (1982).

The facts are undisputed. In the first divorce, the judgment directed the maintenance of life insurance. However, no life insurance policies existed at that time.

As a basis for their argument, plaintiffs rely on *Richards v. Richards,* 58 Wis. 2d 290, 206 N.W.2d 134 (1973). *Richards* and several other cases in this jurisdiction[1] support the proposition that "provisions made in a divorce judgment requiring the decedent to maintain preexisting policies of life insurance for the benefit of his children impress a constructive trust upon the insurance proceeds. The order and the judgment of the trial court vested in the children rights to the proceeds that cannot be defeated by any action of the decedent." *Estate of*

---

[1]*See also Wilharms v. Wilharms,* 93 Wis. 2d 671, 287 N.W.2d 779 (1980); *Prince v. Bryant,* 87 Wis. 2d 662, 275 N.W.2d 676 (1979); *Lee v. Preiss,* 18 Wis. 2d 109, 118 N.W.2d 104 (1962); *Estate of Boyd,* 18 Wis. 2d 379, 118 N.W.2d 705 (1963); *Will of Jones,* 206 Wis. 482, 240 N.W. 186 (1932).

179

*Laev,* 115 Wis. 2d 168, 175–76, 340 N.W.2d 223, 226 (Ct. App. 1983).

■

Distinguishably, in the case before us, there were no preexisting policies. There was nothing for Christopher's and Curtis's right to "vest" in. More appropriately, Parge could have been cited for contempt for failure to acquire and maintain policies as ordered. The court order to "maintain" insurance gave rise to no right to a constructive trust over subsequently acquired insurance.

■

To impose a constructive trust on property transferred to a third party, the identity of the trust fund must be established. *Truelsch v. Miller,* 186 Wis. 239, 252, 202 N.W. 352, 357 (1925). In *Truelsch,* funds embezzled from the appellant were used to pay life insurance premiums. When that transfer of funds occurred, the policies became impressed with a trust in favor of the appellant. In this case, there were no "funds" or policies in existence at the time of the order. There was no transfer to another fund upon which a trust could attach because there was nothing to transfer. The trial court did not abuse its discretion by denying imposition of a constructive trust on the life insurance proceeds from policies which were acquired long after the first divorce judgment.[2] We therefore affirm the trial court's judgment denying the plaintiff's motion and granting the defendant's motion for summary judgment.

*By the Court.*—Judgment affirmed.

---

[2]Even if there were a fund and its transfer, we do not believe it to be an abuse of discretion to find the equity to weigh in favor of Raquel Parge and thereby deny the plaintiffs' motion for summary judgment. *See Duhame,* 154 Wis. 2d at 267–68, 453 N.W.2d at 152–53.

FINE, J. *(dissenting).* Franklin and Vivian Parge were divorced in 1974. They had five children. At the time of the divorce, Franklin Parge had no life insurance. The judgment of divorce, however, directed him to "maintain a minimum of $7,500.00 life insurance with the minor children of the parties as the beneficiaries," and provided that "[s]aid insurance shall remain in force until said children are no longer subject to support." Franklin Parge did not comply with that direction.

In 1976, Franklin Parge married Constance. They had one child, Raquel Jean. Franklin Parge and Constance Parge were divorced in 1979. At the time of this divorce, Franklin Parge had no life insurance other than a policy in the amount of $1,510.89, which had previously named his father as beneficiary. In 1977, Franklin Parge had changed the designated beneficiary on this policy to Constance Parge. The 1979 judgment divorcing Franklin Parge and Constance Parge provided that "each of the parties shall maintain such life insurance . . . as they now have, naming the minor child of the parties as beneficiary thereon, until the minor child Raquel Jean Parge, shall have reached the age of 18 or become otherwise emancipated."

In 1987, Franklin Parge obtained a $15,000 life insurance policy and named Raquel Parge as the beneficiary. Franklin Parge died in 1989. The minor children of Franklin and Vivian Parge commenced this action to recover on the two policies. The majority affirms the trial court's grant of summary judgment dismissing their complaint. I respectfully dissent.

When Franklin Parge designated Constance Parge as the beneficiary on the $1,510.89 policy, he was under an obligation created by a final court decree to "maintain a minimum of $7,500 life insurance" for the benefit of the minor children of his first marriage. His designa-

tion of Constance Parge as beneficiary thus violated that decree. He was still under that obligation when he named Raquel Parge as beneficiary of the $15,000 policy. By affirming the trial court's refusal to impose a constructive trust on $7,500 of the proceeds of those policies, the majority in effect rewrites the 1974 final judgment.

"The constructive trust is an equitable device created by law to prevent unjust enrichment, which arises when one party receives a benefit, the retention of which is unjust to another." *Wilharms v. Wilharms,* 93 Wis. 2d 671, 678, 287 N.W.2d 779, 783 (1980). The person against whom the trust is imposed need not be a wrongdoer. *Id.,* 93 Wis. 2d at 679, 287 N.W.2d at 783. Rather, it is sufficient if one person has been deprived of a right to the benefit of another. *See id.,* 93 Wis. 2d at 680–681, 287 N.W.2d at 784; *Richards v. Richards,* 58 Wis. 2d 290, 296–299, 206 N.W.2d 134, 137–138 (1973) (constructive trust imposed where decedent violated express terms of divorce decree). Here, Franklin Parge was directed by a final court judgment to use in one specific way whatever resources he had available to obtain life insurance; he was directed to use those resources to maintain $7,500 worth of life insurance for the benefit of the minor children of his first marriage. By diverting those resources for the benefit of his second wife and their child, Franklin Parge violated that final court judgment. Those for whom the judgment mandated protection have been deprived of $7,500; those who were strangers to that judgment have been unjustly enriched by that amount. I would reverse. *Cf. Truelsch v. Miller,* 186 Wis. 239, 259–260, 202 N.W. 352, 360 (1925) (constructive trust imposed on fund created by diversion of

resources designated for the benefit of another even though specific monies cannot be traced).