CAPITOL INDEMNITY CORPORATION, Plaintiff,

v.

Joseph V. REASBECK III, and Carol J. Reasbeck,
Defendants-Appellants,

CITY OF SUPERIOR, Wisconsin, Defendant-
Respondent,

COMMUNITY BANK & TRUST CO., a Wisconsin
banking corporation, Douglas County, Wisconsin,
Upper Lakes Foods, Inc., a Minnesota corporation,
Internal Revenue Service, State of Wisconsin, Wiscon-
sin Department of Revenue, Como Food Products, Inc.,
a Minnesota corporation, M. Van Vynckt, Inc., a Wis-
consin corporation, Timothy J. Schultz, d/b/a Schultz's
Bar M&I First National Bank of Superior, a Wisconsin
banking corporation, and G. Donald Gamst, d/b/a G.
Donald Gamst & Associates, Defendants.

Court of Appeals

*No. 91-1259. Submitted on briefs December 10, 1991.—Decided
December 27, 1991.*

(Also reported in 479 N.W.2d 247.)

 █

On behalf of the defendants-appellants, Joseph V. Reasbeck III and Carol J. Reasbeck, the cause was submitted on the joint briefs and joint oral argument of *Paul M. Moldenhauer* of *Peterson, Cirilli, Gondik & Moldenhauer* of Superior, and *Ralph E. Binger,* co-counsel, of Superior.

On behalf of the defendant-respondent, City of Superior, Wisconsin, the cause was submitted on the brief and oral argument of *Scott W. Clark* of *Clark & Clark* of Ashland.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Joseph and Carol Reasbeck appeal those parts of a summary judgment holding them personally liable to the city of Superior for all future expenses to remove a nuisance and creating a constructive trust in their fire insurance proceeds. The Reasbecks do not contest the portions of the judgment declaring their property a nuisance and ordering the

abatement of the nuisance by issuing a warrant to have it abated at their expense.

We conclude that the judgment for personal liability against the Reasbecks and in favor of the city was premature because the city had not incurred damages. We also conclude that the constructive trust was improper because the city failed to prove the elements necessary for imposing a constructive trust. The judgment is affirmed in part and reversed in part.

Joseph and Carol Reasbeck owned a building in the city of Superior. A fire destroyed their building, and the Reasbecks sustained a total loss. Capitol Indemnity Corporation issued the Reasbecks' fire insurance policy, containing total loss coverage of $205,000, including $10,000 for demolition and cleanup costs. Because Capitol received notices from claimed lienholders and creditors of the Reasbecks, Capitol filed an interpleader action naming the Reasbecks and their alleged creditors as defendants. Pursuant to court order, Capitol paid the insurance proceeds to the clerk of courts and was relieved of liability under its policy.

The city of Superior, a named defendant in the interpleader action, moved the trial court for summary judgment (1) declaring the remains of the building a public nuisance; (2) ordering the abatement of this nuisance by issuing a warrant to raze and remove the remains at the Reasbecks' expense; and (3) creating a constructive trust in the insurance proceeds presently held by the court in order to pay the costs of razing and removing the nuisance. The Reasbecks filed a counter motion for summary judgment dismissing the city's claims and releasing the insurance proceeds to them.

Concluding that the city could proceed under ch. 823, Stats., to hold the Reasbecks personally liable and that releasing the insurance proceeds to the Reasbecks

would constitute unjust enrichment, the trial court granted the city's motion. The trial court also granted judgment to the city to recover the costs to abate the nuisance, plus 12% interest, from the Reasbecks.

## PERSONAL LIABILITY

We first address the Reasbecks' argument that the trial court erred by entering summary judgment entitling the city to recover all expenses of abating the nuisance, plus 12% interest, from the Reasbecks, personally. We review a summary judgment de novo. *Grosskopf Oil v. Winter,* 156 Wis. 2d 575, 581, 457 N.W.2d 514, 517 (Ct. App. 1990). This court has set forth the methodology for reviewing a summary judgment many times, and it need not be repeated here. *See Grams v. Boss,* 97 Wis. 2d 332, 338, 294 N.W.2d 473, 476 (1980).

The summary judgment declared the Reasbecks' building to be a public nuisance, and the Reasbecks do not contest that portion of the judgment. Under sec. 823.01, Stats., the city was authorized to bring an action to abate this public nuisance. *See* sec. 823.01, Stats. Upon the city's motion, the trial court entered judgment ordering the abatement of the nuisance and issued a warrant to the city building inspector to abate and remove the nuisance at the Reasbecks' expense, pursuant to sec. 823.04. The Reasbecks also do not contest this portion of the judgment. Portions of a judgment not appealed are final. *See Reddington v. Beefeaters Tables, Inc.,* 72 Wis. 2d 119, 125b, 243 N.W.2d 401, 403 (1976).

Section 823.04, Stats., states that where there is a judgment for abatement and removal of a nuisance, a warrant shall be issued requiring the proper officer "to

abate and remove the nuisance at the expense of the defendant." The language "at the expense of the defendant" authorized the trial court to order the abatement of the nuisance at the Reasbecks' expense. Thus, the Reasbecks' personal liability to the city for abatement costs is authorized under sec. 823.04. However, sec. 823.04 does not authorize a judgment for damages.

Section 823.06, Stats., sets forth how the city is to collect the expenses for abatement. It provides in part:

> The expense of abating such nuisance pursuant to such warrant shall be collected by the officer in the same manner as damages and costs are collected upon execution or may be collected by finding the defendant personally liable for these expenses, as provided in s. 74.53.

The city and the Reasbecks concede that the city, because it is not authorized to act under sec. 74.87, Stats., cannot collect abatement costs by finding the Reasbecks personally liable as provided in sec. 74.53, Stats. Thus, the city is required to collect such costs "in the same manner as damages and costs are collected upon execution." Section 823.06, Stats.

The manner by which damages and costs are collected upon execution requires a judgment for those damages and costs. *See* sec. 815.02, Stats. The trial court entered judgment in favor of the city and against the Reasbecks for the costs of abating the nuisance, plus 12% interest. However, this judgment was premature because the city had not yet incurred costs for abating the nuisance. The city must first incur the costs of abating the nuisance, and then it may seek a judgment against the Reasbecks in the amount of those costs. Additionally, the Reasbecks would be entitled to contest

337

the reasonableness of the costs incurred by the city when the city would attempt to obtain the judgment.

In this case, the record indicates that the city has not yet expended funds to remove the nuisance. Furthermore, at oral argument the parties agreed that the Reasbecks received a court order releasing $29,000 from the constructive trust to have the nuisance abated. Thus, it is unclear whether the city will ever incur costs for abating the nuisance.

Because the city did not abate the nuisance or incur costs for abating the nuisance, it sustained no damages. Any judgment awarding an unspecified amount of damages that were not incurred, may never be incurred and cannot be challenged as unreasonable, is premature and cannot stand. Furthermore, without a judgment for damages, there can be no execution to collect damages. *See* sec. 815.02, Stats. Therefore, the portion of the summary judgment awarding costs plus interest to the city against the Reasbecks, personally, is premature and we reverse it.

## CONSTRUCTIVE TRUST

The Reasbecks also argue that the trial court erred by creating a constructive trust in the Reasbecks' insurance proceeds in order to cover the costs to abate the nuisance. Whether the facts warrant imposition of a constructive trust on insurance proceeds is a question of law that we review without deference to the circuit court's decision. *Hendricks v. M.C.I., Inc.,* 152 Wis. 2d 363, 366, 448 N.W.2d 289, 291 (Ct. App. 1989).

The city, anticipating that it would incur expenses by abating the nuisance on the Reasbecks' property, obtained a court-ordered constructive trust of the Reas-

becks' fire insurance proceeds. The city did not have a valid money judgment against the Reasbecks at the time the trust was created. The Reasbecks argue that the creation of this constructive trust was a pre-judgment attachment. Furthermore, the Reasbecks and the city agree that the law generally prohibits prejudgment attachments. *See Larson v. Fetherston,* 44 Wis. 2d 712, 718, 172 N.W.2d 20, 23 (1969). However, the city does not argue that it met the elements necessary for a valid pre-judgment attachment. Rather, the city argues that it proved the elements necessary to impose a constructive trust.

■ We have held that a constructive trust will be imposed only in limited circumstances, and the one seeking to establish the trust has the burden of proving the elements of unjust enrichment and that the benefit was obtained or retained by unconscionable conduct. *Hendricks,* 152 Wis. 2d at 366–67, 448 N.W.2d at 291. The elements of unjust enrichment are: one party receives a benefit, and the retention of this benefit is unjust to another. *Wilharms v. Wilharms,* 93 Wis. 2d 671, 678, 287 N.W.2d 779, 783 (1980).

Thus, the city had the burden to prove that: (1) The Reasbecks received a benefit by their entitlement to $205,000 in fire insurance proceeds; (2) allowing the Reasbecks to retain those proceeds would be unjust to the city; and (3) the Reasbecks obtained or retained the benefit, or proceeds, by unconscionable conduct. The city alleged that the Reasbecks refused to abate the nuisance. The city argues that it would be unconscionable to force the city taxpayers to absorb the costs of abating the Reasbecks' nuisance, and an unjust enrichment to the Reasbecks to let them walk away with the insurance proceeds. However, there is no evidence in the record to

support the city's allegation that the Reasbecks will not abate or pay for the abatement of their nuisance.

The Reasbecks contend that the only monetary means they have to abate their nuisance is the insurance proceeds. In response, the city argues that the constructive trust is therefore warranted because the Reasbecks lack the funds to abate. We conclude that lack of funds and an unsupported allegation of refusal to pay do not amount to unconscionable conduct on the part of the Reasbecks. Thus, the city did not prove the elements necessary to impose a constructive trust, namely, that the Reasbecks retained the insurance proceeds by unconscionable conduct and that allowing them to retain those proceeds would be unjust to the city. Therefore, the creation of a constructive trust in the full amount of the Reasbecks' insurance proceeds or in the amount estimated to abate the nuisance was error.[1] That portion of the judgment creating the constructive trust is reversed.

*By the Court.*—Judgment affirmed in part; reversed in part. Costs to the appellants.

---

[1]The city and the Reasbecks argued whether the trial court could impose a constructive trust in any amount of the insurance proceeds. However, we conclude that if the city had proved the elements allowing the trial court to create a constructive trust, the trial court would be authorized to establish a constructive trust only in a reasonable amount necessary to abate and remove the nuisance.