Angela K. SINGER, a minor, by her guardian ad litem, Michael J. Cohen, Plaintiffs-Respondents,

v.

Peggy A. JONES, Defendant-Appellant.

Court of Appeals

No. 92–1780. *Submitted on briefs November 24, 1992.—Decided December 9, 1992.*

(Also reported in — N.W.2d —.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *David J. MacDougall* and *Margery M. Tibbets* of *Brennan, Steil, Basting & Mac-Dougall, S.C.* of Janesville.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael J. Cohen* of *Meissner & Tierney, S.C.* of Milwaukee.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

NETTESHEIM, P.J. Peggy A. Jones (formerly Peggy Singer), the named beneficiary on Fred Singer's life insurance policy, appeals from a judgment imposing a constructive trust against the policy proceeds. The constructive trust is in favor of Angela K. Singer, Fred's minor daughter from a prior marriage. We affirm the judgment.

The facts are not in dispute. Angela is the minor daughter of Fred and Kristine Singer who were divorced on October 6, 1976. The judgment of divorce provided, in part, that Fred "shall continue in full force and effect all policies of life insurance in existence, naming the minor child as a beneficiary until such time as that child reaches 18 years of age." At the time of this judgment, Fred owned an Aid Association for Lutherans (AAL) life insurance policy in the face amount of $20,000.

Fred later married Peggy. On June 29, 1981, Fred accepted employment with the Time Insurance Company as a special risk representative. As an employment benefit, Time Insurance Company provided Fred with the life insurance policy at issue in this case. Fred named Peggy as the beneficiary. On May 16, 1982, Fred can-

celed the AAL policy. Fred died on August 6, 1985. Time Insurance Company paid $53,000 in death benefits to Peggy under this policy.

Angela, by her guardian *ad litem*, sued Peggy seeking a constructive trust against the proceeds paid by Time. Both Peggy and Angela moved for summary judgment. The trial court granted Angela's motion and denied Peggy's motion. Peggy appeals.

## STANDARD OF REVIEW

The parties dispute the applicable standard of review. Peggy contends that our standard of review is *de novo*. Angela contends that our standard of review is two-tiered: the *de novo* standard as to the legal issues and the abuse of discretion standard as to the trial court's ultimate decision to grant the equitable relief of a constructive trust. We agree with Angela.

A motion for summary judgment carries with it the "explicit assertion that the movant is satisfied that the facts are undisputed and that on those facts he [or she] is entitled to judgment as a matter of law." *Powalka v. State Mut. Life Assurance Co.*, 53 Wis. 2d 513, 518, 192 N.W.2d 852, 854 (1972). Thus, we review summary judgment *de novo*. *American Family Mut. Ins. Co. v. Powell*, 169 Wis. 2d 605, 607, 486 N.W.2d 537, 538 (Ct. App. 1992).

However, the question of whether to impose a constructive trust sounds in equity. *Duhame v. Duhame*, 154 Wis. 2d 258, 262, 453 N.W.2d 149, 150 (Ct. App. 1989). Therefore, at summary judgment in an equitable action, if the trial court has determined that there are no material issues of fact for trial, the court must further determine whether, in its discretion, any equitable relief

194

should follow. Thus, the court of appeals in *Duhame* and in *Parge v. Parge*, 159 Wis. 2d 175, 178-79, 464 N.W.2d 217, 218-19 (Ct. App. 1990), applied a two-tiered standard of review in such cases. As to the legal issues, the *de novo* standard applies; as to the decision whether to grant equitable relief, the abuse of discretion standard applies. *Duhame*, 154 Wis. 2d at 263, 453 N.W.2d at 151; *Parge*, 159 Wis. 2d at 178-79, 464 N.W.2d at 218-19.

We acknowledge that in *Capitol Indemnity Corp. v. Reasbeck*, 166 Wis. 2d 332, 479 N.W.2d 247 (Ct. App. 1991), the court of appeals reviewed a summary judgment ruling in a constructive trust case under the *de novo* standard. *Id.* at 336, 479 N.W.2d at 249. However, it does not appear from the text of the *Reasbeck* opinion that the applicable standard of review was an appellate issue. The *Reasbeck* decision is silent as to the two-tiered standard of review utilized in *Duhame* and *Parge*. Thus, we conclude that *Duhame* and *Parge* remain the governing law on this question.

■

We find further support for this conclusion when we examine the nature of a discretionary ruling. Such a determination is a consideration of the appropriate law and facts of record. *See Hartung v. Hartung*, 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20-21 (1981). It contemplates a process of reasoning from facts of record and reasonable inferences drawn therefrom. *See McCleary v. State*, 49 Wis. 2d 263, 277, 182 N.W.2d 512, 519 (1971). One commentator has recently described a discretionary determination as one with "no fixed principles by which its correctness may be determined." Hofer, *Standards Of Review—Looking Beyond The Labels*, 74 MARQ. L. REV. 231, 246 (1991) (quoting Rosenberg, *Appellate Review of Trial Court Discretion*, 79 F.R.D. 173, 175 (1975)). Many times, such determinations are not susceptible of

one "correct" answer. *Id.* at 246–47. Rather, this kind of discretion is really a matter of "choice" in which there oftentimes is "no wrong answer." *Id.*

A reviewing court generally is not required to give deference to a trial court decision where the law, as applied to the facts, gives but one correct answer. However, such is not the nature of a discretionary ruling. For these additional reasons, we conclude that *Duhame* and *Parge*, which accord discretion to a trial court's ultimate decision on summary judgment to grant or withold equitable relief, set out the appropriate standard of review.

## CONSTRUCTIVE TRUST

We now turn to the merits. We first set out the black letter law of constructive trusts:

> The constructive trust is an equitable device created by law to prevent unjust enrichment, which arises when one party receives a benefit, the retention of which is unjust to another.A constructive trust will be imposed only in limited circumstances. The legal title must be held by someone who in equity and good conscience should not be entitled to beneficial enjoyment. Title must also have been obtained by means of actual or constructive fraud, duress, abuse of a confidential relationship, mistake, commission of a wrong, or by any form of unconscionable conduct.

*Wilharms v. Wilharms*, 93 Wis. 2d 671, 678–79, 287 N.W.2d 779, 783 (1980) (citations omitted).

Peggy relies on *Parge*. There, the divorce judgment directed the father to "maintain a minimum of $7,500.00 life insurance policy with the minor children of the parties as beneficiaries . . .. Said insurance shall remain in

force until the children are no longer subject to support."
*Parge*, 159 Wis. 2d at 177, 464 N.W.2d at 218. However,
the father never had any preexisting life insurance pol-
icy. Therefore, the court of appeals held that there was
no property in which the children's interest could vest.
*Id.* at 180, 464 N.W.2d at 219. Thus, the court concluded
that the trial court properly denied the children's request
for imposition of a constructive trust against the father's
later-acquired policies. *Id.*

Angela, on the other hand, relies on a line of cases
where the divorce judgment directed a parent to main-
tain life insurance for the benefit of minor children and
where such insurance actually existed. Typical is
*Duhame*, where the divorce judgment directed the father
to "keep said minor children as beneficiaries of all life
insurance available to him at his place of employment."
*Duhame*, 154 Wis. 2d at 262, 453 N.W.2d at 150 (empha-
sis omitted). At the time of the judgment, the father had
the very insurance contemplated by the judgment.
Thereafter, he remarried, removed the children as bene-
ficiaries and named his new wife as beneficiary. The
court of appeals upheld the trial court's imposition of a
constructive trust. *Id.* at 264-69, 453 N.W.2d at 151-53.

We conclude that this case is closer to the *Duhame*
line of cases than the *Parge* case. We see no practical or
legal difference between a situation where the obligor
removes the children as beneficiaries and names another
on a preexisting policy (*Duhame*) and the situation here
in which the obligor allows a preexisting policy with the
child as beneficiary to lapse and continues in effect a
later acquired policy with another named as
beneficiary.[1]

---

[1] Although we distinguish *Parge v. Parge*, 159 Wis. 2d 175,
464 N.W.2d 217 (Ct. App. 1990), we also question the correctness

■ Fred was required by the divorce judgment to retain the AAL policy so that Angela's right to support would be protected. Fred violated this duty when he allowed the AAL policy to lapse thereby terminating Angela's interest in the proceeds of that policy and jeopardizing her right to future support in the event of Fred's death. Under these facts, we cannot say that the trial court abused its discretion in choosing to impose a constructive trust in Angela's favor against the proceeds of the later acquired Time policy.[2]

*By the Court.*—Judgment affirmed.

of the *Parge* holding that the insurance policy must preexist before a constructive trust can be imposed. *Id.* at 180, 464 N.W.2d at 219. It is true that in many constructive trust cases the asset against which the trust was imposed did preexist. However, we see nothing in the law of constructive trusts which so requires. The dissent in *Parge*, relying on the black letter law from *Wilharms v. Wilharms*, 93 Wis. 2d 671, 287 N.W.2d 779 (1980), makes this very point. *Parge*, 159 Wis. 2d at 182, 464 N.W.2d at 220 (Fine, J., dissenting).

[2] It is not necessary that the person against whom the constructive trust is to be imposed be a wrongdoer or know of the wrongdoing initially. *Wilharms*, 93 Wis. 2d at 679, 287 N.W.2d at 783.