REILLY, P.J.
¶1 On August 25, 2009, James M. Pulkkila committed to keeping a $ 250,000 life insurance policy in full force naming his children as "sole and irrevocable primary beneficiaries" until the children reached adulthood as part of a marital settlement agreement (MSA). In 2014, James reneged and changed the beneficiary designation to his new wife. James died a year later, and the $ 250,000 was paid to his new wife. Joan C. Pulkkila, James' former wife, appeals the denial of her motion for a constructive trust on behalf of the children. We reverse the court's denial of a constructive trust.
BACKGROUND
¶2 The facts are undisputed. Joan and James were married in 1996; had two children; and divorced in July 2009. At issue is a provision in their MSA-incorporated into the judgment of divorce-which provides:
Both parties shall maintain in full force and pay the premiums on all life insurance presently in existence on their lives or obtain comparable insurance coverage, with the parties' minor children named as sole and irrevocable primary beneficiaries until the youngest minor child reaches the age of majority ....
(Emphasis added.) The MSA also provided that "[i]f either party fails for any reason to maintain any of the insurance required under this article, there shall be a valid and provable lien against his or her estate in favor of the specified beneficiary to the extent of the difference between the insurance required and the actual death benefits received."
¶3 At the time of the divorce in 2009, James had a $ 250,000 insurance policy with Banner Life Insurance (Banner). In 2013, James married his new wife, and in November 2014, he changed the beneficiary designation on the Banner policy to his new wife. James died in November 2015 when his children were still minors.[1]
¶4 Banner paid James' new wife $ 250,091-the proceeds of the policy. Joan filed a motion to enforce the insurance provision of the judgment of divorce via a constructive trust as James' estate only totaled $ 5600 at the time of the hearing, thereby making a lien against the estate meaningless. The circuit court denied Joan's motion, reasoning that in order to "get to" the question of a constructive trust, it had to find that the language of the MSA was ambiguous.[2] The court acknowledged that it was a "rotten deal" for the children, but the remedy was a lien against the estate. Joan appeals.
DISCUSSION
¶5 We first discuss the standard by which this court reviews the circuit court's decision in this case. We review the circuit court's decision to impose a constructive trust for an erroneous exercise of discretion. Pluemer v. Pluemer , 2009 WI App 170, ¶9, 322 Wis. 2d 138, 776 N.W.2d 261. "Discretionary acts are sustained if the [circuit] court examined the relevant facts, applied the proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." Id. (citation omitted). In this case, the circuit court stated that "[t]he first question I must figure out is whether or not the law allows me to do this.... [I]f it gets to a point where the Court does have the authority to make an equitable decision on it, if the MSA is not clear, then we will go down that road." The order of the court further provides that "[b]ecause those provisions of the [MSA] are not ambiguous, the Court declines ... Petitioner's request to step outside the terms of the [MSA] to provide for remedies not written into the contract by the parties." The circuit court erred in its belief that it was required to find ambiguity in the MSA in order to impose a constructive trust.
¶6 A constructive trust is an equitable remedy imposed to prevent unjust enrichment and unfairness and is a power to be applied "as necessary" to meet the needs of a particular case. Prince v. Bryant , 87 Wis. 2d 662, 674, 275 N.W.2d 676 (1979) ; see also Richards v. Richards , 58 Wis. 2d 290, 296, 206 N.W.2d 134 (1973). Black letter law of constructive trusts states:
The constructive trust is an equitable device created by law to prevent unjust enrichment, which arises when one party receives a benefit, the retention of which is unjust to another. A constructive trust will be imposed only in limited circumstances. The legal title must be held by someone who in equity and good conscience should not be entitled to beneficial enjoyment. Title must also have been obtained by means of actual or constructive fraud, duress, abuse of a confidential relationship, mistake, commission of a wrong, or by any form of unconscionable conduct.
Wilharms v. Wilharms , 93 Wis. 2d 671, 678-79, 287 N.W.2d 779 (1980) (citations omitted). Importantly, the law of constructive trusts does not require a finding that the contractual language is ambiguous. See id. The individual "against whom the constructive trust is to be imposed" need not "be a wrongdoer or know of the wrongdoing initially. If the other elements for imposing a constructive trust have been satisfied, and the holder of the legal title is not a bona fide purchaser, a constructive trust may be imposed." Id. at 679. Our courts have routinely held that a constructive trust may be imposed over life insurance proceeds under similar circumstances.[3] See, e.g. , Richards , 58 Wis. 2d at 298-99 ; Pluemer , 322 Wis. 2d 138, ¶¶1-2 ; Singer v. Jones , 173 Wis. 2d 191, 198, 496 N.W.2d 156 (Ct. App. 1992) ; see also Sulzer v. Diedrich , 2003 WI 90, 263 Wis. 2d 496, 664 N.W.2d 641 (retirement account).
¶7 In Sulzer , for example, the husband changed the beneficiary designation on his retirement account from his first wife to his second wife in violation of the judgment of divorce. Sulzer , 263 Wis. 2d 496, ¶¶5-9. Our supreme court determined that a constructive trust was warranted as the issue "resulted from a mutual mistake regarding the ability to divide the accounts at the time of the divorce," and the second wife's "retention of funds that are attributable to [the first wife's] portion of the retirement accounts would be unjust to" the first wife. Id. , ¶30.
¶8 Similarly, in Singer , the husband had a life insurance policy at the time of the divorce, which he was required to maintain with his minor child as beneficiary, but he later cancelled the policy. Singer , 173 Wis. 2d at 193. After the divorce, the husband obtained new employment and a new life insurance policy, and he named his new wife as the beneficiary. Id. at 193-94. This court determined that the husband was required by the judgment of divorce to retain the life insurance policy to protect his minor child's right to support, but he "violated this duty when he allowed the ... policy to lapse," and under the circumstances it was a proper exercise of discretion to impose a constructive trust in the child's favor against the proceeds of the later acquired policy. Id. at 197-98 ; see also Richards , 58 Wis. 2d at 298-99 (imposing a constructive trust where the decedent named his second wife as beneficiary in violation of an express provision in a divorce judgment ordering him to maintain his children as the beneficiaries).
¶9 James' new wife argues that the circuit court properly exercised its discretion in declining to impose a constructive trust and seeks to distinguish Sulzer and Singer as neither marital settlement agreement in those cases provided a remedy for violating the agreement. His new wife claims that as the MSA in this case provided a remedy, the court properly exercised its discretion. The problem with this argument is that the remedy is meaningless. Equity might allow for James' wrongdoing if his estate had $ 250,000, but it did not. It had $ 5600. James' new wife cites no case law, and we have found none, where under these or similar factual circumstances, a constructive trust is unavailable if a meaningless remedy exists.[4]
¶10 The equities of this case mandate the creation of a constructive trust in favor of the children so as to accomplish the intent of the MSA. All of the requirements of a constructive trust have been satisfied: James' new wife received and retained a benefit, which was unjust to James' children who were denied their guaranteed means of support, and the aforementioned unjust enrichment was the result of James' wrongful conduct in violating the MSA. Regardless of James' motive, his designation of his new wife to the exclusion of his children was wrong and inequitable under the terms of the MSA. We also conclude that the remedy provided in the MSA (a lien against the estate) is equally unjust and not a viable remedy as James failed to fund his estate in an amount sufficient to provide the equivalent support for his children. In light of Wisconsin's strong public policy in favor of properly supporting the children of a dissolving marriage, see Ondrasek v. Tenneson , 158 Wis. 2d 690, 695, 462 N.W.2d 915 (Ct. App. 1990), James' new wife "in equity and good conscience should not be entitled to beneficial enjoyment" of the insurance proceeds, Wilharms , 93 Wis. 2d at 679. Equity requires the imposition of a constructive trust.
By the Court. -Orders reversed and cause remanded.
Not recommended for publication in the official reports.

There is some discrepancy in the record as to his oldest child's age at the time of James' death but in any event, the youngest child was still a minor.

Joan also filed a motion for reconsideration, which the circuit court denied.

James' new wife argues that this case does not satisfy the doctrine of unjust enrichment as "[t]he doctrine of unjust enrichment does not apply where the parties have entered into a contract." The requirement that no contract exist, like the requirement that the plaintiff confer a benefit upon the defendant, is an element of the "quasi contract" theory of unjust enrichment; however, our case law encompasses a broader concept of unjust enrichment in the context of constructive trusts. See McDonah v. McDonah , No. 2014AP712, unpublished slip op. ¶¶11-12 (WI App Dec. 23, 2014).

Not only is the remedy meaningless here, it also has not been shown to be exclusive, precluding another remedy, such as a constructive trust, applicable to the inequity as between the noncontracting new wife and children. Nonexclusive remedies are the general rule in Wisconsin contract law. See Local 248 UAW v. Natkze , 36 Wis. 2d 237, 250-51, 153 N.W.2d 602 (1967) (agreeing with the general rule as expressed in 17A Am. Jur. 2D Contracts § 709 (2016) that, "[a]lthough the parties may, in their contract, specify a remedy for a breach thereof, that specification does not exclude other legally recognized remedies." (citation updated from 17 AM. Jur. 2D Contracts § 445 )); see also Coleman v. Percy , 86 Wis. 2d 336, 340, 272 N.W.2d 118 (Ct. App. 1978) ("[A] contract will not be construed to take away a common law remedy unless that result is imperatively required."). See, e.g. , Starleper v. Hamilton , 666 A.2d 867, 871 (Md. Ct. Spec. App. 1996) (finding of wrongdoing was not necessary to impose a constructive trust, so the case was remanded for further proceedings: but in the process, the court also rejected the estate's assertion that the remedy provided in the marital agreement, which made the estate liable, would preclude other remedies, such as a constructive trust on the insurance proceeds).